In re WASTE MANAGEMENT, INC. SECURITIES LITIGATION,

This Document Relates to: Willard Miller, Glen Miller, David Coslett, and Michael Dougherty, Individually and on Behalf of Others Similarly Situated, Plaintiffs

v.

Waste Management, Inc., Rodney R. Proto, Earl E. Defrates, Bruce E. Snyder, and Gregory T. Sangalis, Defendants.

No. CIV.A.H–01–4381.

United States District Court,
S.D. Texas,
Houston Division.

Feb. 5, 2002.

R. Bruce McNew, Taylor & McNew, Greenville, DE, James A. McShane, Morris & Morris, Wilmington, DE, for Plaintiffs.

Allen M. Terrell, Jr., Richards Layton et al., Wilmington, DE, Rodney Acker, Jenkins & Gilchrist, Dallas, TX, Sharon Katz, Eric F. Grossman, Christopher Falkenberg, Davis Polk & Wardwell, New York City, for Defendants.

### ORDER OF RECONSIDERATION AND REMAND

HARMON, District Judge.

The above referenced proposed class action composed of parties that exchanged securities issued by Eastern Environmental Services, Inc. for securities issued by Waste Management, Inc. during a merger on or about December 31, 1998, grounded in sections 11, 12(a)(2) and 15 of the Securities Act of 1933 ("the Act"), 15 U.S.C. §§ 77k, 77l(a)(2), and 77o, was removed from the Superior Court for the State of Delaware pursuant to 28 U.S.C. § 1441(a) and the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 77p, and the general removal statute, 28 U.S.C. § 1441(a). In its last order (# 49), this Court denied Plaintiffs' motion to remand under 28 U.S.C.

§ 1447(c). Since then the Court has continued to mull over what appears to be a case of first impression, has reconsidered its ruling, and has concluded after all that removal under SLUSA was improper and that this case should be remanded.

Plaintiffs' suit arises out of a stock swap when Waste Management, Inc. ("WMI") merged with Eastern Environmental Services, Inc. ("Eastern") in December 1998. With an exchange ratio of 0.646 WMI shares for each Eastern share, WMI issued newly registered stock to Eastern shareholders pursuant to a Registration Statement and Prospectus filed with the Securities and Exchange Commission on September 24, 1998, and subsequently amended. WMI had previously repeatedly represented that an earlier July 1998 merger of Old Waste Management and USA Waste Services, leading to the formation of WMI, would result in an annual cost savings of $800 million in operating synergies and enhanced efficiencies, and that representation was incorporated into the Registration Statement at issue as well as other SEC filings and documents incorporated into it. On July 6, 1999, WMI began issuing statements of adverse financial results and earnings. On November 9, 1999, it announced it would take a $1.23 billion after-tax accounting charge, that integration of Old Waste Management with USA Waste had not been proceeding as previously represented, and that the $800 million in cost savings would not be realized. The price of WMI stock plummeted. Plaintiffs in this action sued solely under the Securities Act of 1933 on behalf of themselves and all others similarly situated who had exchanged Eastern securities for WMI stock and were damaged as a result.

Title 28 U.S.C. § 1441(a) states,

Except as otherwise expressly provided by Act of Congress, any civil action

brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

The Securities Act of 1933, 15 U.S.C. § 77v, which allows for concurrent federal and state court jurisdiction, expressly states that "no case ... brought in any State court of competent jurisdiction shall be removed."

 In enacting removal statutes, Congress intended to "restrict the jurisdiction of federal courts on removal" and therefore removal statutes must be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). The party removing the action to federal court bears the burden of affirmatively establishing that subject matter jurisdiction exists. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97–98, 42 S.Ct. 35, 66 L.Ed. 144 (1921).

Enacted on November 3, 1998, SLUSA, Pub.L. No. 105–353, 112 Stat. 3227, codified as amended in part at 15 U.S.C. §§ 77p and 78bb(f), amended section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), to preempt class actions based on state statutory or common law involving a "covered security" as defined in that act. SLUSA states in part that ("no covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging ... an untrue statement or omission of a material fact in connection with the pur-

chase or sale of a covered security ...."). 15 U.S.C. § 77p(c).

 Congress has enacted several federal statutes [1] in the past few years to attempt to establish uniformity in the securities markets. The Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z–1, 78u, which amended the 1933 Securities Act and the 1934 Securities Exchange Act, set out heightened pleading requirements [2] and for complaints under Rule 10b–5 mandated pleading of specific facts creating a strong inference of scienter for private class actions and other suits alleging securities fraud in an effort to minimize meritless lawsuits. 15 U.S.C. § 78 *et seq.* H. Conf. Rep. No. 105–803 (1998). When, as a result, plaintiffs began filing in state rather than federal court, asserting claims under state statutory or common law to avoid the PSLRA's stringent procedural and pleading hoops, Congress passed SLUSA in 1998 to close the loophole. 144 Cong. Rec. H10771 (daily ed. Oct. 13, 1998, 1998 WL 712049). SLUSA in essence made federal court the exclusive venue for securities fraud class actions meeting its definitions and ensured they would be governed exclusively by federal law. 15 U.S.C. § 77p(b)-(c). Congress' purpose in enacting the statute was to "'prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State court, rather than Federal court.'" *Korsinsky v. Salomon Smith Barney, Inc.,* No. 01 6085(SWK), 2002 WL 27775, *3 (S.D.N.Y.2002) *quoting* H.R. Conf. Rep. No. 105–803 (1998). Moreover, the Court observes that the same report

---

**1.** *See also* the National Securities Markets Improvement Act of 1996 ("NSMIA"), Pub.L. No. 104–290, 110 State. 3416 (1996), codified in part in 15 U.S.C. § § 77r, 80a, which preempts state "Blue Sky" laws.

**2.** The PSLRA requires plaintiffs to plead with particularity any alleged misrepresentations, misleading statements or omissions, including the reasons why plaintiffs think there was an omission or which statements were misleading and why.

indicates that in SLUSA Congress did not evidence an intent to occupy the entire field of securities regulation, but expressly delineated the scope of preemption:

[I]n order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

H.R. Conf. Rep. 105–803, *2.

With respect to removal, the plain language of SLUSA, 15 U.S.C. § 77p(c), evidences Congress' intent to preempt a specifically defined category of state-law class actions, which it defines as follows: "Any covered class action brought in any State Court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending ...." Title 15 U.S.C. § 78bb(f)(5)(B) defines a "covered class action" as

(i) any single lawsuit in which—

(I) damages are sought on behalf of more that 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominated over any question affecting only individual persons or members or

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective

class predominate over any questions affecting only individual persons or members; or

(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—

(I) damages are sought on behalf of more than 50 persons; and

(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 78bb(f)(5)(B).

A "covered security" is defined as "a security that satisfies the standards for covered security specified in paragraph (1) or (2) of section 77r(b) of this title, at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred ...." 15 U.S.C. § 77p(f)(3). Section 77r(b), adopted by § 78bb(f)(5)(E), defines a "covered security" as one listed on the New York Stock Exchange, the American Stock Exchange, or the Nasdaq National Market, or a security issued by an investment company that is registered, or for which a registration statement has been filed under the Investment Company Act of 1940. SLUSA provides for mandatory removal and dismissal of a specific kind of class action:

(f) LIMITATIONS ON REMEDIES.—
(1) CLASS ACTION LIMITATIONS.—No covered class action based upon the statutory or common law of any state or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

(A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or

(B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with

the purchase or sale of a covered security.

(2) REMOVAL OF COVERED CLASS ACTIONS.—Any covered class action brought in any State court involving a covered security, as set forth in paragraph (1), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to paragraph (1).

15 U.S.C. § 78bb(f)(1)(A),(B) & (2). Thus SLUSA authorizes the removal of all private actions that are actually traditional securities fraud claims that fall within its ambit to be removable to federal court and makes the state law claims subject to dismissal. 15 U.S.C. § 78bb(f)(1)-(2). *Korsinsky*, No. 01 6085(SWK), 2002 WL 27775 at *3; *Hardy v. Merrill Lynch*, 189 F.Supp.2d 14, 16–17 (S.D.N.Y.2001).

 To defeat a motion to remand for improper removal under SLUSA, Defendants must show that (1) the action is a "covered class action" under SLUSA; (2) that the causes of action on their face are based on *state* statutory or common law; (3) that it involves a "covered security" under SLUSA; (4) that it alleges Defendants have misrepresented or omitted material facts; and (5) that the alleged misrepresentation or omission was made "in connection with" the purchase or sale of the covered security. *Korsinsky*, 2002 WL 27775, *3; *Hardy*, at 17–18.

Plaintiffs argued that removal of this case from the Superior Court of the State of Delaware in New Castle County, Delaware was improper because Section 22 of the Securities Act of 1933, on which jurisdiction is premised, provides that state and federal courts have concurrent jurisdiction along with an express prohibition regarding removal of claims filed in state court:

The district courts of the United States and United States courts of any Territory shall have jurisdiction of offenses and violations under this title and under the rules and regulations promulgated by the Commission in respect thereto, and concurrent with State and Territorial courts, except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions, of all suits in equity and actions at law brought to enforce any liability or duty created by [15 U.S.C. §§ 77a *et seq.*].

15 U.S.C. § 77v(a). Furthermore, § 77v(a) clearly states that no such claims "shall be removed to any court of the United States." 15 U.S.C. § 77v(a). Plaintiffs maintain that 28 U.S.C. § 1441(a) by its own terms ("Except as otherwise expressly prohibited by Act of Congress ....") does not apply where removal is expressly prohibited by another federal statute. Moreover, they contend that Defendants' reliance on SLUSA, 15 U.S.C. § 77p(b),[3] is inapposite because SLUSA, which allows removal for "covered class action[s] ... set forth is subsection (b)," applies only to certain class actions that assert state statutory or common law claims, and not to this action, which is based solely on federal law, i.e., the Act.

Although Plaintiffs cite as authority for their argument *Derdiger v. Tallman*, 75 F.Supp.2d 322 (D.Del.1999), which also involved an exchange of stock in a merger, that case is not on point. Originally plaintiffs in that action filed a class action under

---

**3.** Section 77p(b) provides in relevant part,

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal Court by any private party alleging—

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

Delaware state law alleging breach of fiduciary duty against one of the merging companies through distribution of false information in a proxy statement and aiding and abetting by the other merging entity. Subsequently plaintiffs amended their complaint to allege equitable fraud in these false proxy statements with the intent to induce the stockholders to vote for the merger, also under Delaware state law. The defendant removed the suit under SLUSA and plaintiff moved for remand. SLUSA contains a "savings clause," § 78bb(f)(3), permitting class actions involving "covered securities" based on state law that would otherwise be removable to continue in state court if they fell within one of its three exceptions. The *Derdiger* court found in that case that plaintiff's equitable fraud claim under Delaware law fell within the savings clause. Here the parties agree that none of the claims brought by Plaintiffs is a state law claim, nor does any fall within the exceptions preserved by the savings clause.

Defendants contend that SLUSA is applicable and removal proper because the case is a "covered class action" as defined in § 77p(f)(A)(i)(II), the stock is a "covered security" under § 77p(f)(3) and 77r(b)(1)(a), it involves an alleged untrue statement of a material fact in connection with the purchase or sale of a covered security or used or employed a manipulative device on contrivance in connection with the purchase or sale of a covered security under § 77p(b), and does not fall within the exceptions to removal under § 77p(d). They contend that the removal clause's (§ 77p(c)'s) reference to subsection (b), the preemption clause (§ 77p(b)), incorporates the types of class action that can be removed (those alleging "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or "(2) that the defendant used or employed any manipu-

lative or deceptive device or contrivance in connection with the purchase or sale of a covered security"), but does not restrict removal only to class actions alleging securities fraud under *state* law. They offer several reasons for their interpretation. First, Plaintiffs' construction would render SLUSA's amendment of the separate anti-removal provision meaningless and violates the fundamental principle in statutory construction of giving meaning to every word used by Congress and avoiding an interpretation that would render some language superfluous. The anti-removal clause in the 1933 Act, stating that "no case arising under this subchapter and brought in any State Court" may be removed "[e]xcept as provided in section 77p(c) of this title," would make no sense because state-law claims can never arise under the federal 1933 Act. Only by construing § 77v(a)'s exception to apply to all claims, federal and state, that fall within § 77p(c) can one avoid nullifying § 77v(a)'s exception to nonremovability. Second, Plaintiffs' construction makes the SLUSA amendments redundant. SLUSA amended both the 1933 Securities Act and the Securities Exchange Act of 1934, which makes federal court the exclusive forum. Defendants insist that if Congress had intended to authorize the removal of only state-law claims, it would not have had to amend both. By amending both, they argue, Congress demonstrated a desire to permit removal of all covered securities fraud class actions, regardless of whether they plead claims under the 1933 Act, the 1934 Act or state law. Defendants also argue that no court has ever held that claims under the 1933 Act cannot be removed under SLUSA. They further insist that all courts considering SLUSA's removal provisions have assumed that all state claims, except those falling within the savings clause, can

be removed to federal court. Defendants point to two commentators who have concluded that SLUSA prevents claims under the Securities Act of 1933 from being brought in state court.[4]

After review, the Court finds Defendants' arguments unpersuasive and disagrees with Defendants' broad assertion regarding the case law. The Court emphasizes that no court has held that claims under the 1933 Act, standing alone, are removable under SLUSA. Indeed, this is the only post-SLUSA case that the Court has discovered in which defendants have attempted to do so. Nor is this Court aware of any published decision that has deviated from the plain, literal meaning of the non-removability clause of the 1933 Act. It also notes that the case law, including the authority cited by Defendants, interpreting the removal provision under SLUSA has focused on the specific language of § 78bb(f)(1) & (2) and have applied it to state-law claims only. Furthermore, post-SLUSA cases have referred to the non-removal provision in their discussions of and comparisons to other federal statutes in determining whether the latter allow for removal where jurisdiction is concurrent. *See, e.g., PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 208–09 (6th Cir.2001); *Roseman v. Best Buy Co.,* 140 F.Supp.2d 1332, 1334 (S.D.Ga.2001).

In addition, the removal sections under SLUSA are expressly and precisely drawn and limited. 15 U.S.C. § 78bb(f)(1) & (2). Moreover, this Court observes that there is no allegation, no less any evidence, in

this action that Plaintiffs are attempting to fraudulently plead around SLUSA to avoid removal into state court. *See, e.g., Bertram v. Terayon Communications Systems, Inc.,* 2001 WL 514358 (C.D.Cal. Mar. 27, 2001). More important, there is no express statement by Congress that it was modifying the traditional rule prohibiting removal of cases brought under the 1933 Act. Congress could easily have made a statement in SLUSA expressly modifying this provision had it so intended. "The touchstone of the federal district court's removal jurisdiction is ... the intent of Congress." *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

For these reasons, the Court

ORDERS that its previous order denying Plaintiffs' motion to remand is VACATED and H–01–4381 is REMANDED for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) to the Superior Court for the State of Delaware in New Castle County, where it was pending under Case No. 00C–06–257.

---

4. David M. Brodsky, *Private Actions and Private Rights: Current Hot Topics in Securities Litigation,* 1151 Practicing Law Institute, Corporate Law and Practice Course Handbook Series 773, 806 (1999) ("[SLUSA] prevents ... action under the Securities Act of 1933 from being brought in state court"); Allan Horwich, *The Securities Litigation Uniform Standards Act has Begun to Achieve its Purpose,* 3 No. 6 Wallstreetlawyer.com: Sec. Elec. Age 4, available on Westlaw ("SLUSA amended Section 22(a) to make covered class actions under the Securities Act removable.").