In re **KING PHARMACEUTICALS, INC.**

No. **2:03–CV–77.**

United States District Court,
E.D. Tennessee
at Greeneville.

Feb. 6, 2004.

Mark C. Meiering, Albuquerque, NM, pro se.

Margaret G. Meiering, Albuquerque, NM, pro se.

Debra J. Wyman, Ramzi Abadou, Tor Gronborg, Milberg, Weiss, Bershad, Hynes & Lerach, LLP, San Diego, CA, Jerry W. Laughlin, John T. Rogers, Rogers, Laughlin, Nunnally, Hood & Crum, Greeneville, TN, Peter Burke, Whatley Drake, LLC, Birmingham, AL, Steven E. Cauley, Cauley, Geller, Bowman & Coates, LLP, Little Rock, AR, for Leslie Juenger.

Evan J. Kaufman, James S. Notis, Abbey Gardy, LLP, New York, NY, C. Todd Chapman, King, King & Chapman, PLLC, Greeneville, TN, for Josh Guttman.

Andrew L. Colocotronis, Ashley M. Lowe, Baker, Donelson, Bearman & Caldwell, Knoxville, TN, John C. Millian, John H. Sturc, Harry M. Gruber, Gibson, Dunn & Crutcher, Washington, DC, Robert E. Hauberg, Jr., Baker, Donelson, Bearman & Caldwell, Jackson, MS, for King Pharmaceuticals, Inc., John M. Gregory, Jefferson J. Gregory, James R. Lattanzi, Joseph R. Gregory, James E. Gregory, Brian G. Shrader, Kyle P. Macione, Gregory D. Jordan and R. Charles Moyer.

Christopher Garcia, Lawrence J. Portnoy, Lindsay H. Tomenson, Michael J. Russano, Davis, Polk & Wardwell, New York, NY, for Credit Suisse First Boston Corporation.

Jimmie C. Miller, Hunter, Smith & Davis, Kingsport, TN, for J.P. Morgan Securities, Inc., Banc of America Securities, Inc., UBS Warburg, LLC and Credit Suisse First Boston Corporation.

## MEMORANDUM OPINION

HULL, Senior District Judge.

This is a consolidation of class actions on behalf of those who purchased securities of King Pharmaceuticals on the open market between February 16, 2000, and March 10, 2003, and on behalf of those who acquired their shares through the merger of Jones Pharmaceutical with King Pharmaceuticals.

Two groups of plaintiffs have filed motions to remand their class actions to state court. The motions have been filed by Jeanne Morton, Frank J. Siano, Philip Frank LoPiccolo, Kevin S. Fitzpatrick, Andrew Medley, Walter E. McNeil and George W. Phillips, Jr. (No. 2:03–CV–347) [Doc. 81]; and by Virginia Loechtefeld, Charles M. Becker, Leonora Weber and Asadour Izmirlian (No. 2:03–CV–346). [Doc. 84].

The movants would have their claims remanded to the Law Court for the Second Judicial District for the State of Tennessee, sitting at Bristol, on the following two grounds: first, that the removal provisions of the Securities Litigation Uniform Standard Act of 1998 (SLUSA), 15 U.S.C. § 77p(c), do not apply to claims, such as theirs, brought pursuant to the Securities Act of 1933 (the 1933 Act), 15 U.S.C. § 77v, and, second, that the 1933 Act contains an express prohibition against removal of federal claims filed in state court. 15 U.S.C. § 77v(a). They have also moved, pursuant to 28 U.S.C. § 1447(c), for an award of just costs and actual expenses, including attorney fees, incurred as a result of the improper removal.

There is no question that the movants' state court class actions were brought exclusively under the 1933 Act; that that act confers concurrent jurisdiction on both state and federal courts; and that the statute also states that "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Section 77p(c) refers to "covered class actions" which, according to the movants, are defined in Section 77p(b) as lawsuits "based upon the statutory or common law of any State or subdivision thereof." The moving plaintiffs' two state court class actions assert only federal law claims and, lacking state or common law claims, do not fit the definition of "covered class actions" found in the 1933 Act.

Obviously, in enacting the 1933 Act, Congress intended to prevent removal of claims such as the plaintiffs'. The question before the Court is whether, in enacting SLUSA in 1998, Congress intended to abrogate this grant of concurrent jurisdiction and ensure

that all securities class actions be litigated in federal court.

The moving plaintiffs refer the Court to *In re Waste Management, Inc. Securities Litigation,* 194 F.Supp.2d 590 (S.D.Tex.2002), where the district court did remand a securities class action arising under the 1933 Act and noted, among other things, that Congress could easily have put into SLUSA express language modifying the anti-removal provision of the 1933 Act if it had intended to do so. 194 F.Supp.2d at 596.

The defendants point out that there is a split of authority between the few courts that have addressed this issue and recommend the reasoning in *Brody v. Homestore, Inc.,* 240 F.Supp.2d 1122 (C.D.Cal.2003). The *Brody* court recognized that SLUSA, although inartfully worded, was enacted to ensure that securities class litigation would be conducted in federal court. SLUSA amended § 77v(a) to divest state courts of concurrent jurisdiction over covered class actions and to provide for removal of these cases to federal court. It redefined "covered class action" in 15 U.S.C. § 77p(f)(2) and no longer suggests that these are only lawsuits "based upon the statutory or common law of any State or subdivision thereof."

Both the legislative history and common sense support the removabilty of class actions filed in state court asserting claims exclusively under the 1933 Act. Moreover, if the Court were to remand the movants' class actions, there would be concurrent class actions in state and federal court asserting substantially similar claims. This could lead to considerable confusion if not outright inconsistent results.

Accordingly, the motions to remand (and for costs and attorney fees) [Docs. 81 and 84] will be denied.

An appropriate order will follow.