**Robert T. KNOX, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**AGRIA CORP. et al., Defendants.**

**No. 08 Civ. 7651 (WHP).**

United States District Court, S.D. New York.

Jan. 27, 2009.

---

Beth A. Kaswan, Esq., Scott + Scott, LLP, New York, NY, for Plaintiff Robert Knox.

David M. Brodsky, Esq., Latham & Watkins LLP, New York, NY, for Defendant Agria Corporation.

James Farrell, Esq., Latham & Watkins, LLP, Los Angeles, CA, for Defendants Kenneth Hua Huang, Gary Kim Ting Yeung, Zhahua Qian, and Terry McCarthy.

A. Hyun Rich, Esq., Larry Byrne, Esq., Paul Stephen Hessler, Esq., Linklaters, New York, NY, for Credit Suisse Securities (USA) LLC, HSBC Securities (USA), Inc., Piper Jaffray & Co., and CIBC World Markets Corp.

David A. Rosenfeld, Esq., Coughlin Stoia Geller Rudman & Robbins, LLP, Melville, NY, for Agria Corp. Securities Litigation.

*MEMORANDUM & ORDER*

WILLIAM H. PAULEY III, District Judge.

In August 2008, Plaintiff Robert T. Knox ("Knox") filed this putative class action in New York State Supreme Court asserting claims under the Securities Act of 1933 ("1933 Act"). At that time, three federal securities class actions were pending in this Court. Knox's complaint tracks the allegations in the federal pleadings. Defendants removed this action pursuant to 28 U.S.C. § 1441(a) and the jurisdictional provisions in Section 22(a) of the 1933 Act as they were amended by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). Knox now moves to remand. For the following reasons, this Court denies Knox's motion to remand and consolidates this case with the pending federal securities class actions.

I. *Legal Standard*

■ "Except as otherwise expressly provided by Act of Congress," a state court action may be removed to federal court if it qualifies as a "civil action ... of which the district courts of the United States have original jurisdiction...." *See* 28 U.S.C. § 1441(a); *see also Rivet v. Regions Bank of La.,* 522 U.S. 470, 474, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). "The defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys. v. WorldCom, Inc.,* 368 F.3d 86, 100 (2d Cir.2004) (citation and quotation marks omitted).

II. *PSLRA and SLUSA*

In 1995, Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA") in part "to prevent 'strike suits'—merit less class actions that allege fraud in sale of securities." *Lander v. Hartford Life & Annuity Ins. Co.,* 251 F.3d 101, 107 (2d Cir.2001). "[M]any class

action plaintiffs avoided the PSLRA's heightened requirements by bringing suit in state courts under state statutory and common law rather than in federal court." *Spielman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 332 F.3d 116, 123 (2d Cir.2003); *see also Lander,* 251 F.3d at 108.

Congress enacted SLUSA in 1998 to correct the perceived failure of the PSLRA to curb abuses of federal securities fraud litigation arising under the 1933 Act. *See Lander,* 251 F.3d at 107–08. In enacting SLUSA, Congress intended to make "Federal court the exclusive venue for most securities class action lawsuits[ ] [and] ... to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court." H.R. Conf. Rep. No. 105–803, at 13 (1998); *see also Lander,* 251 F.3d at 108. Specifically, SLUSA amended the 1933 Act, *inter alia,* to define "covered class actions" and "covered securities." A "covered class action" is a lawsuit where damages are sought on behalf of more than fifty people. 15 U.S.C. § 77p(f)(2). A "covered security" is a security traded nationally and listed on a regulated national exchange. 15 U.S.C. § 77p(f)(3).

III. *Statutory Construction*

■ Construction of a statute begins with the words of the text. *Mallard v. United States Dist. Court,* 490 U.S. 296, 300, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989); *WorldCom,* 368 F.3d at 101 (quoting *Saks v. Franklin Covey Co.,* 316 F.3d 337, 345 (2d Cir.2003)). "Statutory construction ... is a holistic endeavor." *United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assoc.,* 484 U.S. 365, 371, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988). "The meaning of a particular section in a statute can be understood in context with

and by reference to the whole statutory scheme, by appreciating how sections relate to one another." *Auburn Housing Auth. v. Martinez,* 277 F.3d 138, 144 (2d Cir.2002). The "cardinal rule [is] that a statute is to be read as a whole, ... since the meaning of statutory language, plain or not depends on context." *King v. St. Vincent's Hosp.,* 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991). Moreover, courts must interpret a statute to give meaning to each provision so as to "avoid statutory interpretations that render provisions superfluous." *State St. Bank & Trust Co. v. Salovaara,* 326 F.3d 130, 139 (2d Cir.2003). It is also a " 'familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes.' " *Henrietta D. v. Bloomberg,* 331 F.3d 261, 279 (2d Cir.2003) (quoting *Tcherepnin v. Knight,* 389 U.S. 332, 336, 88 S.Ct. 548, 19 L.Ed.2d 564 (1967)).

## IV.  *The Anti–Removal Provision of the 1933 Act*

While 28 U.S.C. §§ 1441(a) and (b) provide for the removal of claims arising under federal law, Section 22(a) of the 1933 Act includes an "anti-removal" provision that states: "*Except as provided in section [16(c) ] of [the 1933 Act],* no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added to SLUSA amendments). Section 16(c) provides that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court ... and shall be subject to subsection (b)." 15 U.S.C. § 77p(c). Subsection (b), in turn, prohibits state or federal courts from hearing any covered class action raising state or common law claims based on untrue statements or deceit in the sale of a nationally traded security. *See* 15 U.S.C. § 77p(b).

District courts are divided on the question whether the anti-removal provision, as amended by SLUSA, allows for removal of covered class actions raising only 1933 Act claims.[1] All agree that removed actions should be remanded unless they fall within Section 16(c). This has led some district courts to construe Sections 16(c) broadly to include 1933 Act claims. *See Rubin v. Pixelplus Co.,* No. 06 Civ. 2964 (ERK), 2007 WL 778485, at *3–4 (E.D.N.Y. Mar. 13, 2007). However, other courts reject that approach as inconsistent with the text

---

1. *Compare Unschuld v. Tri–S Sec. Corp.,* No. 06 Civ. 2931–JEC, 2007 WL 2729011 (N.D.Ga. Sept. 14, 2007) (granting remand); *Irra v. Lazard Ltd.,* No. 05 Civ. 3388(RJD)(RML), 2006 WL 2375472 (E.D.N.Y. Aug. 15, 2006) (same); *Pipefitters Local 522 & 633 Pension Trust Fund v. Salem Commc'ns Corp.,* No. CV 05–2730–RGK, 2005 U.S. Dist. LEXIS 14202 (C.D. Cal. June 28, 2005) (same); *In re Tyco Int'l, Ltd.,* 322 F.Supp.2d 116 (D.N.H.2004) (same); *Nauheim v. Interpublic Group,* No. 02–C9211, 2003 WL 1888843 (N.D.Ill. Apr. 16, 2003) (same); *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.,* No. 03–cv–0714–BTM (JFS), 2003 WL 23509312 (S.D.Cal. Aug. 27, 2003) (same); *In re Waste Mgmt. Inc. Sec. Litig.,* 194 F.Supp.2d 590 (S.D.Tex.2002) (same) *with Rubin v. Pixelplus Co.,* No. 06 Civ. 2964(ERK), 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007) (denying remand); *Pinto v. Vonage Holdings Corp.,* No. 07–62, 2007 1381746 (D.N.J. May 7, 2007) (same); *Rovner v. Vonage Holdings Corp.,* No. 07–178, 2007 WL 446658 (D.N.J. Feb. 7, 2007) (same); *Lowinger v. Johnston,* No. 3:05–CV–316–H, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005) (same); *In re King Pharms., Inc.,* 230 F.R.D. 503, 505 (E.D.Tenn.2004) (same); *Kulinski v. Am. Elec. Power Co.,* No. Civ. A C–2–03–412, 2003 WL 24032299 (S.D.Ohio. Sept. 19, 2003) (same); *Brody v. Homestore, Inc.,* 240 F.Supp.2d 1122 (C.D.Cal.2003) (same); *Alkow v. TXU Corp.,* No. 02–CV–2738–K, 2003 WL 21056750 (N.D.Tex. May 8, 2003) (same).

of Section 16(c), which explicitly refers to subsection (b), taking the more narrow approach that Section 16(c) only applies to covered class actions raising state or common law claims. *See Unschuld v. Tri–S Sec. Corp.,* No. 06 Civ. 2931–JEC, 2007 WL 2729011 (N.D.Ga. Sept. 14, 2007).

The narrow reading granting remand creates a jurisdictional anomaly because it has the effect of prohibiting state securities fraud claims in state court, while allowing federal securities fraud class actions to be litigated there. It also does not make sense. SLUSA was intended to curtail the proliferation in state courts of securities fraud class actions (federal or state) beyond the reach of the PSLRA's heightened pleading standards. Instead, the constricted approach threatens to spawn federal securities fraud class actions in state courts where they could proceed under the PSLRA radar. That bizarre result would shift the center of gravity of federal securities fraud class actions under the 1933 Act from federal to state courts. It is precisely this lacuna that the Knox plaintiffs seek to exploit.

■ Because this Court holds that no state court has subject matter jurisdiction over covered class actions raising 1933 Act claims, it need not address the scope of the exception to the anti-removal provision. As discussed below, this Court parses Section 22(a) differently from other courts, which have considered the question of removal of 1933 Act claims, and focuses on the phrase "any State court of competent jurisdiction."

■ "[W]hen 'judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter the intent to incorporate its ... judicial interpretations as well.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,* 547 U.S. 71, 85–86, 126 S.Ct.

1503, 164 L.Ed.2d 179 (2006) (quoting *Bragdon v. Abbott,* 524 U.S. 624, 645, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998)). The term "court of competent jurisdiction" is used in many statutes and normally refers to a court with subject matter jurisdiction. *See United States v. Morton,* 467 U.S. 822, 828, 104 S.Ct. 2769, 81 L.Ed.2d 680 (1984); *see also Storey v. Cello Holdings, L.L.C.,* 347 F.3d 370, 380 (2d Cir.2003) ("[A]s a term of art, we give [court of competent jurisdiction] its plain meaning, namely a court that has jurisdiction to hear the claim brought before it."). Thus, the anti-removal provision in Section 22(a) applies to 1933 Act claims brought in a state court with subject matter jurisdiction to hear them. This Court now considers to what extent state courts have subject matter jurisdiction over 1933 Act covered class action claims after SLUSA.

## V. *The 1933 Act's Jurisdictional Provision*

■ Section 22(a), the jurisdictional provision of the 1933 Act, provides:

> The district courts of the United States ... shall have jurisdiction of offenses and violations under [the 1933 Act] ..., and concurrent with State and Territorial courts, *except as provided in [Section 16] with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty created by [the 1933 Act].

15 U.S.C. § 77v(a) (emphasis added to SLUSA amendments). Thus, state and federal courts have concurrent jurisdiction over 1933 Act claims, "except as provided in [Section 16] with respect to covered class actions." 15 U.S.C. § 77v(a).

Amended by SLUSA, Section 16 is a labyrinthine provision that includes four subsections referring to "covered class actions." However, three of those subsec-

tions deal exclusively with state law claims, and do not touch on jurisdiction over "suits in equity or actions at law brought to enforce any liability or duty created by [the 1933 Act]." *See* 15 U.S.C. §§ 77p(b), 77p(c), 77p(d); *see also Barbara v. N.Y. Stock Exch.*, 99 F.3d 49, 55 (2d Cir.1996) (noting that similar "any liability or duty created by" language in the jurisdictional provision of the Securities Exchange Act of 1934 "plainly refers to claims created by the Act or by rules promulgated thereunder, but not to claims created by state law" and "does not encompass state law claims to which a defense is made on the basis of the ... Act"). That leaves the definitional provision of Section 16 as the only subsection that can breathe meaning into the SLUSA jurisdictional exception.

Section 16(f) provides in part:

(f) Definitions—For purposes of this section, the following definitions shall apply:

\*　　\*　　\*

(2) Covered class action—

(A) In general

The term "covered class action" means

(i) any single lawsuit in which—

(I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

(II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

(ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—

(I) damages are sought on behalf of more than 50 persons; and

(II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 77p(f).

Through the definitional lens of Section 16(f), Section 22(a) reinforces the meaning of covered class action by referencing Section 16. The reference to Section 16 does not add a substantive limitation to the exception to concurrent jurisdiction in Section 22(a); rather, it simply points the reader to the definition of a "covered class action." *Cf. Black & Decker Corp. v. United States*, 436 F.3d 431, 438 (4th Cir.2006) ("Section 351(h) [of the Internal Revenue Code] certainly refers to § 358, but this reference has no substantive content; rather, it simply guides the reader of § 351 to the [relevant definitional rule]."). Construing this reference as a "guide" makes sense because the phrase "covered class action" is a term of art crafted by Congress. Untethered from Section 16, the term "covered class action" would be susceptible to differing interpretations. *See Towne v. Eisner*, 245 U.S. 418, 425, 38 S.Ct. 158, 62 L.Ed. 372 (1918) ("A word is not a crystal, transparent and unchanged, it is the skin of living thought and may vary greatly in color and content according to the circumstances and time in which it is used."). Thus, the reference to Section 16 dispels any potential ambiguity concerning the scope of the exception.

The exception in the jurisdictional provision of Section 22(a) exempts covered class actions raising 1933 Act claims from concurrent jurisdiction. By excluding these covered class actions from concurrent state and federal jurisdiction, federal courts alone have jurisdiction to hear them. After SLUSA, state courts were no longer "court[s] of competent jurisdiction" to hear covered class actions raising 1933 Act claims. Thus, the anti-removal provision does not apply to these covered class actions asserting exclusively federal claims. This is what other courts have overlooked: because the anti-removal provision only applies to claims brought in a state court of competent jurisdiction, once SLUSA stripped state courts of subject matter jurisdiction over covered class actions raising 1933 Act claims, the reach of the anti-removal provision receded, leaving covered class actions raising 1933 Act claims exclusively for federal courts.

Because there are no "state courts of competent jurisdiction" to hear covered class actions asserting 1933 Act claims and because Knox's putative class action is such a covered class action, the anti-removal provision does not bar removal of Knox's action. The Supreme Court's dicta in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006), is not to the contrary. In that case, the Supreme Court was previewing the scope of Section 16(c) removal of covered class actions raising state law claims, not the question of removal of covered class actions raising 1933 Act claims. *See Kircher*, 547 U.S. at 642–43, 126 S.Ct. 2145.

This Court's interpretation of Section 22(a)'s jurisdictional provision also harmonizes with the rest of SLUSA. In particular, it is consistent with SLUSA's addition to the anti-removal provision. After SLUSA, covered class actions asserting either 1933 Act claims or certain state law claims or both are removable, but individual 1933 Act claims are not subject to removal. Thus, the exception to the anti-removal provision prevents plaintiffs from frustrating removal of state-law based covered class actions by adding a non-removable individual 1933 Act claim to an otherwise removable state-law based covered class action.

Moreover, this Court's reading is consistent with Congress's general remedial intent in passing SLUSA: "to prevent certain State private securities class action lawsuits alleging securities fraud from being used to frustrate the objectives of the [PSLRA]," *Dabit*, 547 U.S. at 86, 126 S.Ct. 1503, and to make "federal court the exclusive venue for class actions alleging fraud in the sale of certain covered securities." *Lander*, 251 F.3d at 108.

Accordingly, because federal courts alone have jurisdiction to hear covered class actions raising 1933 Act claims and therefore, the anti-removal provision does not apply, Knox's motion for remand is denied.

## VI.  *Consolidation*

The parties do not dispute that this case is identical to the federal securities actions that have been consolidated before this Court. For the reasons stated in this Court's December 3, 2008 Order, this Court finds that consolidation is also appropriate in this case. *See Lintz v. Agria Corp.*, No. 08 Civ. 3536, 2008 WL 5191087, at *1 (S.D.N.Y. Dec. 3, 2008). Accordingly, this action is consolidated with the other cases under the caption *In re Agria Corporation Securities Litigation*, 08 Civ. 3536.

## CONCLUSION

For the foregoing reasons, this Court denies Plaintiff Robert T. Knox's motion

for remand and consolidates this action with the other cases under the caption *In re Agria Corporation Securities Litigation,* 08 Civ. 3536.

SO ORDERED.