[No. B222889. Second Dist., Div. Five. May 18, 2011.]

DAVID H. LUTHER et al., Plaintiffs and Appellants, v. COUNTRYWIDE FINANCIAL CORPORATION et al., Defendants and Respondents.

## COUNSEL

Robbins Geller Rudman & Dowd, Spencer A. Burkholz, Kevin K. Green, Thomas E. Egler, Scott H. Saham; Barroway Topaz Kessler Meltzer & Check, Andrew L. Zivitz, Lauren W. Pederson and Jennifer L. Joost for Plaintiffs and Appellants.

Goodwin Procter, Lloyd Winawer, Joshua S. Lipshutz, Brian E. Pastuszenski and Inez H. Friedman-Boyce for Defendants and Respondents Countrywide Financial Corporation, Countrywide Home Loans, Inc., CWALT, Inc.,

CWMBS, Inc., CWABS, Inc., CWHEQ, Inc., Countrywide Capital Markets, Countrywide Securities Corporation and N. Joshua Adler.

Paul, Hastings, Janofsky & Walker, William F. Sullivan, Joshua G. Hamilton, D. Scott Carlton and Peter Y. Cho for Defendants and Respondents Ranjit Kripalani and Jennifer S. Sandefur.

Orrick, Herrington & Sutcliffe, Michael C. Tu, Michael D. Torpey and Penelope Graboys Blair for Defendant and Respondent David Sambol.

Gibson, Dunn & Crutcher, Dean J. Kitchens and Alexander K. Mircheff for Defendants and Respondents Banc of America Securities LLC, Barclays Capital Inc., J.P. Morgan Securities LLC, BNP Paribas Securities Corp., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, Edward D. Jones & Co., L.P., Deutsche Bank Securities Inc., Goldman, Sachs & Co., Greenwich Capital Markets, Inc. aka RBS Greenwich Capital, HSBC Securities (USA) Inc., Merrill Lynch, Pierce, Fenner & Smith, Inc., Morgan Stanley & Co. Inc., and UBS Securities LLC.

Bingham McCutchen and Jennifer M. Sepic for Defendant and Respondent David A. Spector.

Caldwell Leslie & Proctor, Christopher G. Caldwell, David C. Codell and Jeffrey M. Hammer for Defendant and Respondent Stanford L. Kurland.

DLA Piper, Shirli Fabbri Weiss, David Priebe and Nicolas Morgan for Defendant and Respondent Eric P. Sieracki.

**OPINION**

**ARMSTRONG, Acting P. J.**—This case presents a single issue of statutory interpretation. The federal Securities Act of 1933 (the 1933 Act; 15 U.S.C. § 77a et seq.), as amended by the Securities Litigation Uniform Standards Act of 1998 (SLUSA; Pub.L. No. 105-353 (Nov. 3, 1998) 112 Stat. 3227), provides for concurrent jurisdiction for cases asserting claims under the 1933 Act, except as specifically provided with regard to certain class actions.

Defendants contend, and the trial court found, that the exception includes this case, which is, in the parlance of the statute, a "covered class action"

bringing causes of action under federal law in connection with "noncovered" securities. Plaintiffs argue to the contrary. We agree with plaintiffs, and thus reverse the judgment.

## Factual and Procedural Summary

The case, and its procedural history, can be briefly described. Plaintiffs and appellants are David H. Luther and a number of pension funds and other institutional investors. Defendants are Countrywide Financial Corporation and several of its subsidiaries, several individuals, and several financial institutions.[1] The complaint alleged that defendants issued, and plaintiffs bought, mortgage-backed securities, between 2005 and 2007. These securities were subject to the rules and regulations promulgated under the 1933 Act, but were not listed on a national exchange.

The complaint brought causes of action under the 1933 Act, and importantly, included no state law causes of action. Factual allegations included allegations of false and misleading registration statements and prospectus supplements.

The action was brought on behalf of all persons and entities who bought those securities from defendant in that time period.

Defendants demurred on the ground that the state court had no jurisdiction under the 1933 Act, as amended by the SLUSA. Those demurrers were sustained, and the case dismissed.

## Discussion

Our review is de novo, both because this is an appeal from judgment after a demurrer was sustained (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415 [106 Cal.Rptr.2d 271, 21 P.3d 1189]) and because the sole issue is one of statutory interpretation (*Regents of University of California v. Superior Court* (1999) 20 Cal.4th 509, 531 [85 Cal.Rptr.2d 257, 976 P.2d 808]).

The rules governing our review are well established. When reviewing a demurrer, we assume that all facts pleaded in the complaint are true. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 877 [6 Cal.Rptr.2d 151].)

---

[1] All have joined in Countrywide's brief.

■ The rules of federal statutory interpretation are much the same as those used when construing California statutes. (*Black v. Department of Mental Health* (2000) 83 Cal.App.4th 739 [100 Cal.Rptr.2d 39].) "[I]n interpreting a statute a court should always turn first to one, cardinal canon before all others[:] . . . [C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. [Citations.] When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.' " (*Connecticut Nat. Bank v. Germain* (1992) 503 U.S. 249, 253–254 [117 L.Ed.2d 391, 112 S.Ct. 1146]; see *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299] [where statutory language is clear and unambiguous there is no need for construction].)

With those rules in mind, we examine the statutes.

■ The 1933 Act created registration and disclosure obligations in connection with public offerings and was designed to provide investors with full disclosure of material information concerning those offerings. (*Gustafson v. Alloyd Co.* (1995) 513 U.S. 561, 570 [131 L.Ed.2d 1, 115 S.Ct. 1061].) In title 15 United States Code section 77v(a),[2] the 1933 Act specifically provided that state and federal courts had concurrent jurisdiction over claims under the act, and that if such an action was filed in state court, it could not be removed to federal court. (*Lakewood Bank & Trust Co. v. Superior Court* (1982) 129 Cal.App.3d 463, 468 [180 Cal.Rptr. 914].)

However, the 1933 Act was amended in 1998 to create some exceptions to the rule of concurrent jurisdiction and to the anti-removal provision.

The amendments use, and define, two relevant terms. A "covered class action" is a lawsuit in which damages are sought on behalf of more than 50 people, and which meets additional criteria.[3] A "covered security" is one

---

[2] The 1933 Act was codified at title 15 United States Code section 77a et seq. Most importantly, section 22 of the act became title 15 United States Code section 77v, and section 16 of the act became title 15 United States Code section 77p. Lawyers and judges sometimes refer to section numbers of the act and sometimes to the statute. (*Sagehorn v. Engle* (2006) 141 Cal.App.4th 452, 456, fn. 1 [46 Cal.Rptr.3d 131].) We find greater precision in references to the statute.

[3] In full, title 15 United States Code section 77p(f)(2) defines "covered class action" as "(i) any single lawsuit in which—[¶] (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or [¶] (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class

traded nationally and listed on a regulated national exchange. (15 U.S.C. § 77p(f)(3); see *Kircher v. Putnam Funds Trust* (2006) 547 U.S. 633, 637 [165 L.Ed.2d 92, 126 S.Ct. 2145].) There seems to be no dispute that this case is a covered class action, but does not involve a covered security.

As amended, the portion of the statute which once provided for concurrent jurisdiction in all cases provides that "The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p [section 16] of this title with respect to covered class actions . . . .*" (15 U.S.C. § 77v(a), italics added.) The italicized language is the language added by the amendment.

Defendants' argument is based on the italicized language. They contend that 15 United States Code section 77v creates an exception to concurrent jurisdiction for *all* covered class actions. In defendants' view, when section 77v refers to 15 United States Code section 77p, it refers only to the definition of covered class action in section 77p(f)(2).

█ We "do not read statutes in little bites" (*Kircher v. Putnam Funds Trust, supra*, 547 U.S. at p. 643), and cannot endorse such a limited reading of 15 United States Code section 77v. Section 77v does not say that there is an exception to concurrent jurisdiction for all covered class actions. Nor does it create its exception by referring to the definition of covered class action in 15 United States Code section 77p(f)(2). █ Instead, it refers to section 77p without limitation, and creates an exception to concurrent jurisdiction only as provided in section 77p "with respect to covered class actions."

In order to determine whether this case is exempted from the rule of concurrent jurisdiction, we must look to all of 15 United States Code section 77p, and see what it provides "with respect to covered class actions."

█ Title 15 United States Code section 77p does a number of things. Section 77p(a) provides that, except as provided in section 77p(b), rights and remedies under the title are in addition to other rights and remedies which may exist.

---

predominate over any questions affecting only individual persons or members; or [¶] (ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—[¶] (I) damages are sought on behalf of more than 50 persons; and [¶] (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose."

■ In subsection (b), 15 United States Code section 77p addresses "Class action limitations" by providing that "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—[¶] (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or [¶] (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." (15 U.S.C. § 77p(b).) This is a preclusion provision. It "makes some state-law claims nonactionable through the class-action device in federal as well as state court." (*Kircher v. Putnam Funds Trust, supra,* 547 U.S. 633, 636, fn. 1; see *Wells Fargo Bank, N.A. v. Superior Court* (2008) 159 Cal.App.4th 381, 385, fn. 2 [71 Cal.Rptr.3d 506].) This case, which is not based on the statutory or common law of any state, is not precluded.

■ Title 15 United States Code section 77p(c) concerns removal.[4] This subsection was added by the SLUSA. It provides that a covered class action concerning a covered security, brought in state court, is removable, and that once in federal court, is subject to 15 United States Code section 77p(b), which precludes certain cases. This case, which does not concern a covered security, is not removable. (*Luther v. Countrywide Home Loans Servicing LP* (9th Cir. 2008) 533 F.3d 1031, 1034.)[5]

Title 15 United States Code section 77p(d), on preservation of certain actions, provides that notwithstanding section 77p(b) and (c), certain covered class actions which bring state law claims may be maintained in state or

---

[4] Title 15 United States Code section 77v(a), which once provided that no case brought under the 1933 Act was removable, now provides that *"Except as provided in section 77p(c)* [*section 16(c)*] *of this title,* no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." (15 U.S.C. § 77v(a), italics added.) The italicized language is the language added by the SLUSA. Title 15 United States Code section 77p(c) provides that "Any covered class action brought in any State court involving a covered security, as set forth in subsection (b) of this section, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b) of this section."

[5] That decision was the result of defendants' attempt to remove this case to federal court under the Class Action Fairness Act of 2005, title 28 United States Code section 1332(d)(2). The district court granted plaintiffs' motion to remand, and the Ninth Circuit, which granted permission to appeal, affirmed, holding that "CAFA's general grant of the right of removal of high-dollar class actions does not trump § 22(a)'s specific bar to removal of cases arising under the Securities Act of 1933." (*Luther v. Countrywide Home Loans Servicing LP, supra,* 533 F.3d at p. 1034.)

federal court. These include, for instance, the so-called "Delaware carve-out" (*Madden v. Cowen & Co.* (9th Cir. 2009) 576 F.3d 957, 969) for cases based on the law of the state of the security's issuer's incorporation. Section 77p(e) preserves the jurisdiction of a state securities agency to bring enforcement actions.

Subsection (f) of 15 United States Code section 77p defines "covered class action," "covered security," and another term not relevant here.

██ Nothing, then, in 15 United States Code section 77p describes this case, and thus, nothing in section 77p puts this case into the exception to the rule of concurrent jurisdiction. More, the fact that the case is not precluded and can be maintained, but cannot be removed to federal court if it is filed in state court, tells us that the state court has jurisdiction to hear the action.

We conclude that concurrent jurisdiction of this case survived the amendments to the 1933 Act. We are not persuaded otherwise by defendants' citation to *Knox v. Agria Corp.* (S.D.N.Y. 2009) 613 F.Supp.2d 419, or to several federal trial court opinions.[6]

The issue in *Knox* was removal: whether a covered class action alleging violations of federal law in connection with a covered security could be removed to federal court, or whether removal is limited to such cases which bring state law claims. *Knox* decided that all covered class actions could be removed.

Of course, there is no question about removal here. This case cannot be removed because it does not concern covered securities. *Knox* is nonetheless relevant, because it based its analysis in part on 15 United States Code section 77v's exception to concurrent jurisdiction.

However, when it interpreted 15 United States Code section 77v, *Knox*, like defendants here, deemed the statutory reference to 15 United States Code section 77p to be a reference to definition of "covered class action" in section 77p(f)(2). Rather than analyzing the application of the other parts of section 77p, *Knox* found that those subsections were irrelevant to the analysis because they dealt exclusively with state law claims. Then, based merely on

---

[6] There is a dearth of federal appellate authority, because a district court's order remanding a removed case back to state court is not normally appealable. (*Luther v. Countrywide Home Loans Servicing LP, supra,* 533 F.3d at p. 1033.)

the definition of "covered class action," *Knox* concluded that all covered class actions are exempted from concurrent jurisdiction. (*Knox v. Agria Corp., supra,* 613 F.Supp.2d at p. 425.) In other words, *Knox* ignored the verb in the statute, and reached its conclusion by looking only at the noun.

Whatever merit *Knox* may have with respect to removal issues, we cannot agree with its reading of 15 United States Code section 77v in other respects. 15 United States Code section 77v does not say "except as provided in section 77p(f)(2)," the definition of covered class action. Instead, it refers to all of 15 United States Code section 77p, not just the definitional provision.

The other federal trial court opinions cited by defendants address the same issue as does *Knox,* removal of covered class actions concerning covered securities, and engage in analysis similar to that in *Knox.* (See *Lowinger v. Johnson* (W.D.N.C., Oct. 13, 2005, No. 3:05CV316-H) 2005 WL 2592229; *In re Fannie Mae 2008 Securities Litigation* (S.D.N.Y., Nov. 24, 2009, Nos. 08 Civ. 7831(PAC), 09 Civ. 1352(PAC)) 2009 WL 4067266; *Rovner v. Vonage Holdings Corp.* (D.N.J., Feb. 7, 2007, No. 07-178 (FLW)) 2007 WL 446658; *In re King Pharmaceuticals, Inc.* (E.D.Tenn. 2004) 230 F.R.D. 503, 505; *Kulinski v. American Electric Power Co.* (S.D. Ohio, Sept. 19, 2003, No. Civ. A.C-2-03-412) 2003 WL 24032299.)

What is more, even among removal cases, the *Knox* point of view is not universal. Many federal courts which have considered the question have decided that under the clear language of the statutes, class actions alleging violations of the 1933 Act, as opposed to state law claims, are not removable. (See *In re Tyco Internat., Ltd. Multidistrict Litigation* (D.N.H. 2004) 322 F.Supp.2d 116, 120; *Cad/Cam Publishing v. Archer* (S.D.Cal., Feb. 28, 2001, No. 00-2413-IEG CGA) 2001 WL 274555; *Irra v. Lazard Ltd.* (E.D.N.Y., Aug. 15, 2006, No. 05 CV 3388 RJDRML) Fed. Sec. L. Rep. ¶ 93,943, 2006 WL 2375472; *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.* (S.D.Cal., Aug. 27, 2003, No. 03CV0714BTM(JFS)) 2003 WL 23509312; *In re Waste Management, Inc. Securities Litigation* (S.D.Tex. 2002) 194 F.Supp.2d 590; *Nauheim v. The Interpublic Group of Companies, Inc.* (N.D.Ill., Apr. 16, 2003) 2003 WL 1888843.)

*Knox* and many of the other cases which defendants cite suffer from an additional flaw. They reach their results in part because, in their view, no other rule is consistent with what they perceive as the legislative intent. For instance, citing a conference report, *Knox* wrote that when it enacted the SLUSA, Congress intended to make the federal courts the exclusive venue

for most securities class actions. Thus, *Knox* reasoned, all securities class actions must be removable—any other reading would make no sense. (*Knox v. Agria Corp., supra*, 613 F.Supp.2d at p. 421; see, e.g., *In re Fannie Mae 2008 Securities Litigation, supra*, 2009 WL 4067266 [SLUSA's underlying rationale was to make federal courts the exclusive venue for securities class actions].) Defendants cite various committee reports and other indicia of legislative intent and urge the same legislative intent and urge the same result here.

We see no need for recourse to legislative history, but feel constrained to note that defendants' view of the legislative history is not the only one. Plaintiffs, too, cite conference reports and so on, in support of their view that Congress intended a much narrower result. One court has observed that "Nothing in SLUSA's text or the legislative history suggests that Congress intended to place roadblocks in the way of federal claims or *non-precluded* state law claims; its only discernible intent was to preclude the use of the class-action device to prosecute certain state-law class action claims." (*Proctor v. Vishay Intertechnology Inc.* (9th Cir. 2009) 584 F.3d 1208, 1228 [holding that SLUSA does not require dismissal of nonprecluded claims appearing in the same complaint as a precluded claim]; *In re Waste Management, Inc. Securities Litigation, supra*, 194 F.Supp.2d 590 [citing legislative history which indicates that in SLUSA Congress did not evidence an intent to occupy the entire field of securities regulation, but expressly delineated the scope of preemption]; *Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp., supra*, 2003 WL 23509312 [where the language of the statute is clear, it is not up to the court to modify it to effect Congress's likely intent].)

We do know, because the United States Supreme Court has told us, that Congress enacted the SLUSA because an earlier attempt to curb perceived abuses in securities class action lawsuits (the Private Securities Litigation Reform Act of 1995 (PSLRA; Pub.L. No. 104-67 (Dec. 22, 1995) 109 Stat. 737) had resulted in an unintended consequence. The PSLRA heightened pleading requirements and limited damages. As a result, some plaintiffs chose to file in state court, something which had been rare. The SLUSA was enacted to stem the shift from federal to state courts and to " 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of' the Reform Act, SLUSA." (*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit* (2006) 547 U.S. 71, 81–82 [64 L.Ed.2d 179, 126 S.Ct. 1503].) However, an intent to prevent *certain* class actions does not tell us that this class action, or all securities class actions must be brought in federal court.

## Disposition

The judgment is reversed. Appellants to recover costs on appeal.

Kriegler, J., and Kumar, J.,\* concurred.

A petition for a rehearing was denied June 17, 2011, and respondents' petition for review by the Supreme Court was denied September 14, 2011, S194319. Kennard, J., Chin, J., and Corrigan, J., did not participate therein.

---

\*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.