**Matt L. BRODY, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**HOMESTORE, INC., et al., Defendants.**

**No. CV 02–08068 FMC.**

United States District Court, C.D. California.

Jan. 7, 2003.

Joseph Arshawsky, Provost & Umphrey Law Firm, LLP, Nicholas Koluncich, III, for plaintiff.

Robert C. Vanderet, Seth Aronson, Sharon L. Tomkins, Michele L. Davidson, O'Melveny & Myers LLP, Los Angeles, CA, for defendants.

**ORDER DENYING MOTION TO REMAND; ORDER DENYING MOTION FOR ATTORNEYS' FEES.**

COOPER, District Judge.

This matter is before the Court on Plaintiff's Motion to Remand and for Attorneys' Fees (docket # 16). The Court deems this matter appropriate for decision without oral argument. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing set for January 13, 2002, is removed from the Court's calendar.

Plaintiff filed a class action lawsuit in Los Angeles Superior Court on September 23, 2002, asserting three claims based on the Securities and Exchange Act of 1933 ("the 1933 Act") against Defendant Homestore, Inc. ("Homestore") and others.

Plaintiff alleges that certain business transactions between Homestore and non-party America Online ("AOL") constitute a type of "kick back" scheme that artificially inflated Homestore's revenues. Plaintiff alleges that these practices do not comply with generally accepted accounting principles ("GAAP").

On October 17, 2002, Defendants removed this action pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). The sole issue before the Court at this time is whether the present action is removable pursuant to SLUSA.

State and federal courts had concurrent jurisdiction over claims brought pursuant to the 1933 Act, but prior to 1998, when such claims were filed in state court, they were not removable to federal court. *See* 15 U.S.C. § 77v(a);[1] SLUSA, Pub.L. 105–353 112 Stat. 3227. Congress changed this in 1998, authorizing removal of "covered [securities litigation] class actions." 15 U.S.C. §§ 77p(b)-(c), 77v(a); SLUSA, Pub.L. 105–353 112 Stat. 3227. A description of removable class actions is set forth at 15 U.S.C. § 77p:

(b) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

(c) Removal of covered class actions

Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

*Id.* If a district court determines that a class action is not removable pursuant to § 77p(b)-(c), then the court must remand the action. 15 U.S.C. § 77p(d)(4).

Here, Plaintiff argues that, although this action is a "covered class action," it is not "based upon the statutory or common law of any State or subdivision thereof." 15 U.S.C. 77p(b). Plaintiff correctly points out that this action is brought pursuant to federal law, not state law. However, Defendants' arguments convince the Court that, although inartfully (or even inaccurately) worded, SLUSA authorizes removal of class actions asserting violations of the 1933 Act.

The Court's interpretation is supported by other provisions of SLUSA, as well as SLUSA's legislative history. The congressional findings of SLUSA state:

The Congress finds that—

(1) the Private Securities Litigation Reform Act of 1995 sought to prevent

---

**1.** In relevant part, 15 U.S.C. § 77v(a) provides:

The district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter ... and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.... *Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

*Id.* (emphasis added). The emphasized portions of § 77v(a) were added in 1998 by SLUSA.

abuses in private securities fraud lawsuits;

(2) since enactment of that legislation, *considerable evidence has been presented to Congress that a number of securities class action lawsuits have shifted from Federal to State courts;*

(3) this shift has prevented that Act from fully achieving its objectives;

(4) State securities regulation is of continuing importance, together with Federal regulation of securities, to protect investors and promote strong financial markets; and

(5) in order to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the Private Securities Litigation Reform Act of 1995, it is appropriate to enact national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators and not changing the current treatment of individual lawsuits.

P.L. 105–353, § 2 (emphasis added). Plaintiff's interpretation of the removal provisions of SLUSA—that SLUSA meant to authorize removal only of securities litigation brought pursuant to state law—is simply irreconcilable with these findings.

The legislative history supports the Court's interpretation as well. "The premise of this legislation is simple: lawsuits alleging violations that involve securities that are offered nationally belong to Federal court." 144 Cong. Rec. H11019-01, H11020 (1998) (comments of Representative Bliley). "The purpose of this title is to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than in Federal, court." *Id.* (Conference Report).

Perhaps the most persuasive argument, however, is found in the amendment that

SLUSA made to 15 U.S.C. § 77v(a). Prior to SLUSA, this section prohibited removal of claims brought under the 1933 Act. *See supra* note 1. SLUSA specifically excepted from this prohibition "covered class actions" as referenced in § 77p(c). The Court agrees that to interpret § 77p(b)-(c) in the manner suggested by Plaintiff would render the amendment to § 77v(a) meaningless.

Accordingly, the Court concludes that this action is removable pursuant to 15 U.S.C. § 77p(b)-(c). Plaintiff's Motion to Remand is denied. Plaintiff's Motion for Attorneys' Fees is also denied.