In re Tyco (individual cases)          CV-02-1335-B  06/21/04  P

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


In re Tyco International, Ltd.
Multidistrict Litigation (MDL 1335)

MDL DOCKET NO. 02-1335-PB
Case No. 03-1336-PB
03-1338-PB
03-1344-PB
03-1345-PB
03-1346-PB
03-1347-PB
03-1349-PB
Opinion No. 2004 DNH 094 P


MEMORANDUM AND ORDER


The plaintiffs in seven of the 47 cases that have been consolidated for pretrial proceedings in this multidistrict litigation matter have moved to remand their cases to the state courts in which they were originally filed. The cases are based exclusively on the Securities Act of 1933 ("the Securities Act"), 15 U.S.C. § 77a-77aa, which until 1998 did not permit the removal of any case that was deemed to arise under the Securities Act. Congress created a limited exception to the nonremoval rule when it adopted the Securities Litigation Uniform Standards Act of

1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (codified as amended at 15 U.S.C. §§ 77p, 77v, 77z-1, 78u-4 and 78bb (1998)). The question that I must resolve is whether the cases at issue qualify for removal under SLUSA.[1]

---

[1] The few courts that have considered whether SLUSA permits the removal of cases based exclusively on the Securities Act are split. In re King Pharmaceuticals, Inc., No. 2:03-CV-77, slip op. (E.D. Tenn. Feb. 6, 2004) (citing to legislative history and common sense to hold that cases based on the Securities Act are removable under SLUSA); Kulinski v. Am. Electric Power Co., No. 02-03-412, slip op. (S.D. Ohio 2004) (holding cases based on the Securities Act removable because of the exception to the prohibition on removal in § 77v, as amended by SLUSA); Alkow v. TXU Corp., Nos. 3:02-CV-2738-K, 3:02-CV-2739-K, 2003 WL 21056750 (N.D. Tex. May 8, 2003) (finding SLUSA was passed to counteract a shift in cases to state court and therefore allows the removal of cases based solely on the Securities Act); Brody v. Homestore, Inc., 240 F. Supp. 2d 1122 (C.D. Cal. 2003) (holding "SLUSA authorizes removal of class actions asserting violations of the 1933 Act" and that this reading is required to not "render the amendment to § 77v(a) meaningless"); but see Williams v. AFC Enters., Inc., No. 1:03-CV-2490-TWT, slip op. (N.D. Ga. Nov. 20, 2003) (following Eleventh Circuit dicta that SLUSA applies to claims based on state law, court held cases based on the Securities Act were not removable); Nauheim v. Interpublic Group of Cos., No. 02-C-9211, 2003 WL 1888843 (N.D. Ill. April 16, 2003) (finding "the plain language of the Securities Act, as amended by SLUSA, clearly and unambiguously permits the removal of only those covered class action complaints that are based on State statutory or common law" and does not authorize the removal of cases bases on the Securities Act); In re Waste Mgmt., Inc. Sec. Litig., 194 F. Supp. 2d 590 (S.D. Tex. 2002) (holding SLUSA does not provide removal for cases based on the Securities Act).

## I.

Congress passed SLUSA to prevent plaintiffs in certain securities fraud class action cases from using state laws and state courts to avoid the rigorous pleading standards, discovery limitations, and other requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). See Pub. L. No. 105-353, § 2, 112 Stat. 3227. Congress attacked the problem primarily by adding preemption and removal provisions to both the Securities Act and the Exchange Act of 1934, 15 U.S.C. §§ 78a-78mm ("Exchange Act").

The Securities Act's preemption provision is codified at 15 U.S.C. § 77p(b). It states that

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging-
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

The removal provision is codified at 15 U.S.C. § 77p(c).  It states that

> Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c).

Until SLUSA became law, no case that was deemed to arise under the Securities Act was removable to federal court.  SLUSA amended the nonremoval provision, codified at 15 U.S.C. § 77v, to create an exception for cases that are removable under § 77p(c).  The nonremoval provision (with the new language emphasized) states that

> <u>Except as provided in section 77p(c) of this title</u>, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.

15 U.S.C. § 77v (emphasis added).[2]

_____

[2]  SLUSA also amended § 77v's concurrent jurisdiction provision to strip state courts of jurisdiction over certain cases that arise under the Securities Act.  The relevant language (with the new language emphasized) states that

> [t]he district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, <u>except as provided in section 77p of this title</u> with respect to covered class actions, of all suits in equity and

-4-

## II.

The parties agree that § 77v bars the removal of the cases at issue unless they qualify for removal under § 77p(c). Section 77p(c), in turn, applies to "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b)." Because it is undisputed that the cases at issue are "covered class actions"[3] and involve "covered securities,"[4] their removability depends upon the meaning of the phrase "as set forth in subsection (b)."

Plaintiffs argue that "as set forth in subsection (b)" modifies the term "covered class action." Because § 77p(b) applies only to covered class actions that are "based upon the statutory or common law of any State or subdivision thereof," plaintiffs argue that cases such as the ones that are now before me, which are based exclusively on the Securities Act, are not removable under § 77p(c).

---

actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v (emphasis added).

[3] "Covered class action" is defined at 15 U.S.C. § 77p(f)(2)(A).

[4] "Covered security" is defined at 15 U.S.C. § 77p(f)(3).

Defendants argue that § 77p(c) permits the removal of cases that are based exclusively on the Securities Act if they qualify as "covered class actions," involve "covered securities," and are based in fraud.[5] Defendants rest their argument primarily on a canon of statutory construction known as the "rule of the last antecedent." See, e.g., Montalvo-Huertas v. Rivera-Cruz, 885 F.2d 971, 975 (1st Cir. 1989); United States v. Ven-Fuel, Inc., 758 F.2d 741, 751 (1st Cir. 1985). This canon holds that when a qualifying phrase has multiple antecedents, the phrase ordinarily qualifies only the final antecedent. See id. Defendants argue that the phrase "as set forth in subsection (b)" has two antecedents: "covered class action" and "involving a covered security." They then reason that "as set forth in subsection (b)" should be read to modify "involving a covered security" rather than "covered class action." Because §§ 77p(b)(1) and (2) limit the preemption provision to claims that involve covered securities that are purchased or sold through fraudulent means, defendants argue that § 77p(c) must authorize the removal of any

_____

[5] Subsections 77p(b)(1) and (2) require either "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or that "the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. §§ 77(p)(b)(1), (2).

-6-

covered class action that involves such securities, whether the claims that comprise the action are based on state or federal law.

While defendants' argument is well presented, it does not withstand careful analysis. The disputed language in § 77p(c) consists of a defined term, "covered class action," and a series of three qualifying phrases: "brought in any State court," "involving a covered security," and "as set forth in subsection (b)." Because the first two phrases obviously qualify "covered class action," it is reasonable to expect that the third phrase in the series should modify the same term as the two that precede it. Thus, absent some signal from Congress that a different meaning was intended, plaintiffs appear to be correct in claiming that "as set forth in subsection (b)" modifies "covered class action" rather than "involving a covered security."

Any real doubt about the meaning of § 77p(c) is dispelled by the way in which it is punctuated. If Congress had intended "as set forth in subsection (b)" to modify "involving a covered security," one would expect to see commas setting off the phrase "involving a covered security as set forth in subsection (b)" from the rest of the sentence. Instead, the drafters of § 77p(c) placed the comma between "involving a covered security" and "as

-7-

set forth in subsection (b)." The only purpose that this choice serves is to preclude defendants' interpretation by signaling that "as set forth in subsection (b)" should modify "covered class action" rather than "covered security". Thus, this case is governed by the exception to the rule of the last antecedent which applies when a comma is placed between the last antecedent and the qualifying phrase. See 2A Norman J. Singer, Statutes and Statutory Construction § 47:33 (6th ed. 2000); see also Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd., 186 F.3d 210, 215 (2d Cir. 1999); Iowa Comprehensive Petroleum Underground Storage Tank Fund Bd. v. Shell Oil Co., 606 N.W.2d 376, 380 (Iowa 2000); In re Pers. Restraint of Smith, 986 P.2d 131, 133-34 (Wash. 1999).

Defendants attempt to bolster their case by arguing that plaintiffs' reading of § 77p(c) suffers from its own interpretive difficulties. They first claim that plaintiffs' interpretation makes SLUSA's amendment of § 77v superfluous. Their argument is that if plaintiffs were correct in claiming that § 77p(c) authorizes the removal only of cases that are based on state law, Congress would not have needed to amend § 77v to create an exception for cases that are removable under § 77p(c) because

§ 77v applies only to claims that arise under the Securities Act. See <u>Kulinski</u>, No. 02-03-412; <u>Alkow</u>, 2003 WL 21056750; <u>Brody</u>, 240 F. Supp. 2d 1122.

I reject this argument because it is based on the mistaken premise that a case cannot both arise under the Securities Act and be based on state law. As the two leading commentators on federal jurisdiction recognize, a case that includes federal law claims is deemed to arise under federal law for purposes of the general removal statute, 28 U.S.C. § 1441, even though it also contains related claims that are based on state law. See 14C Charles H. Wright et al., <u>Federal Practice and Procedure</u> § 3724 (3d ed. 1998); 16 James W. Moore, <u>Moore's Federal Practice</u> §§ 106.81, 107.14[6], 107.31[9] (3d ed. 2003).[6] The same is true with respect to § 77v. A case that contains one or more Securities Act claims is deemed to arise under the Act for

_____

[6] Defendants argue that § 1441(c), which authorizes the removal of cases that contain both removable federal law claims and "separate and independent" claims that are otherwise nonremovable would be unnecessary if a case that includes state law claims could be deemed to arise under federal law pursuant to § 1441(a) and (b). As the above-mentioned commentators note, however, § 1441(c) serves to permit the removal of cases that contain both removable federal claims and "separate and independent" claims that are otherwise nonremovable. When otherwise nonremovable claims are part of the same nucleus of operative fact as a removable federal claim, the entire case is deemed to arise under federal law and is removable under § 1441(a) and (b). See Wright, <u>supra</u>; Moore, <u>supra</u>.

purposes of § 77v even if it also includes state law claims that make the case removable under § 77p(c). SLUSA's amendment to § 77v, thus was needed to eliminate any doubt about the removability of cases that include both state law claims and otherwise nonremovable claims based on the Securities Act.[7] Accordingly, I reject defendants' argument that plaintiffs' interpretation of § 77p(c) makes SLUSA's amendment of § 77v superfluous.[8]

Defendants also argue that I should reject plaintiffs' reading of § 77p(c) because it would not fully solve the problem

---

[7] Defendants similarly argue that SLUSA's amendment to § 77v's concurrent jurisdiction provision supports their interpretation of § 77p(c). This argument, however, suffers from the same flaw as their argument based on SLUSA's amendment to the nonremoval rule. By creating an exception to the concurrent jurisdiction rule for cases that contain claims that are preempted under § 77p(b), Congress eliminated doubt about whether state courts could retain jurisdiction over such cases based upon § 77v if they also included claims based on the Securities Act.

[8] Defendants also complain that plaintiffs' interpretation of "as set forth in subsection (b)" makes § 77p(c)'s references to "covered class action" and "covered security" unnecessary. While I agree that § 77p(c) could have been drafted without these terms because they are already included in § 77p(b), it is understandable that Congress would have wanted to emphasize that, like the rest of SLUSA, § 77p(c) was intended to apply only to covered class actions that involve covered securities. Under these circumstances, the fact that plaintiffs' interpretation of § 77p(c) would make its references to covered class action and covered security redundant is not sufficient by itself to reject plaintiffs' otherwise plausible interpretation.

-10-

that Congress attempted to address when it enacted SLUSA. I agree with defendants' contention that Congress passed SLUSA to prevent plaintiffs in securities class action cases based in fraud from avoiding the PSLRA's automatic discovery, rigorous pleading, and safe harbor provisions. As I have already explained, however, SLUSA's operative language reveals that the specific problem that it was crafted to address was the use of state law causes of action to thwart the PSLRA rather than the use of Securities Act claims for this purpose. Moreover, while defendants cite numerous statements from SLUSA's legislative history, they have failed to identify a single reference that explicitly states that SLUSA was intended to permit the removal of cases that are based exclusively on the Securities Act. Instead, SLUSA's legislative history supports the view that Congress attempted to prevent plaintiffs from circumventing the PSLRA by "enact[ing] national standards for securities class action lawsuits involving nationally traded securities," Pub. L. No. 105-353, § 2, 112 Stat. 3227, rather than by making federal courts the exclusive forum for Securities Act class actions alleging fraud. Accordingly, even if defendants had offered a plausible interpretation of § 77p(c), I would have rejected their interpretation because it is not sufficiently supported by

-11-

SLUSA's legislative history.[9]

**III.**

I have not attempted to resolve this statutory construction problem by asking which of the two competing interpretations of § 77p(b) will better promote an efficient resolution of the cases that are now before me. Nor have I attempted to determine what Congress might have done if it had been asked to decide whether cases that are based exclusively on the Securities Act should be removable to federal court. Instead, I have made a contextual examination of the statutory language and a careful review of legislative history to determine the meaning of the statute that Congress actually passed. That examination reveals that: (1) § 77p(b) preempts state law securities claims alleging fraud in

---

[9] Defendants have identified two statements which provide some support for the view that SLUSA was intended to permit the removal of securities class action cases that contain federal law claims. See, e.g., H.R. Rep. No. 105-640 at 8 (1998) (SLUSA "makes Federal court the exclusive venue for most securities class action lawsuits."); 144 Cong. Rec. S4,778-803 at S4,797 (May 13, 1999) (statement of Sen. Feinstein) ("[w]ithout [SLUSA's] removal authority, these companies, whose securities are traded throughout the fifty states, could face liability under federal securities laws in fifty state courts") (emphasis added). These citations, however, by no means constitute a clear statement that Congress intended to make cases based exclusively on the Securities Act removable. In any event, they are insufficiently persuasive to justify a reading of § 77p(c) that is inconsistent with its text.

-12-

covered class actions that involved covered securities; (2) §

77p(c) permits only the removal of cases that contain state law

claims that are subject to preemption under § 77p(b); and (3) the

limited exception in § 77v to the general rule of nonremovability

of cases that arise under the Securities Act applies only to

cases that also include removable state law claims.  Neither the

text nor the legislative history of SLUSA support the view that

cases that are based exclusively on the Securities Act are

removable under § 77p(c).  Accordingly, I grant plaintiffs'

motions to remand.

SO ORDERED.


_____
Paul Barbadoro
Chief Judge

June 21, 2004

cc:  Counsel of Record

    Katherine Ryan, Esq.
    Michael Mulder, Esq.
    Gene Cauley, Esq.
    Chris Hoffman, Esq.
    Michael Flynn, Esq.
    Frank Barron, Esq.

In re:  Tyco Securities Litigation
Revised Service List

04/06/04

William Chapman, Esq.                    for   Securities Action
Orr & Reno
1 Eagle Square
PO Box 3550
Concord, NH 03302-3550

Kenneth Bouchard, Esq.                   for ERISA Action
Bouchard & Kleinman PA
1 Merrill Dr., Suite 6
Hampton, NH 03842

Frederick Upshall, Esq.                  for Derivative Action
Upshall Cooper & Temple PA
10 Green Street
PO Box 867
Concord, NH 03302-0867

Edward Haffer, Esq.                      for Tyco Internation
Sheehan Phinney Bass & Green
1000 Elm Street
PO Box 3701
Manchester, NH 03105-3701

Richard McNamara, Esq.                   for L. Dennis Kozlowski
Wiggin & Nourie PA
20  Market Street
PO Box 808
Manchester, NH 03105-0808

William Hassler, Esq.                    for Mark Belnick
Steptoe & Johnson LLP
1330 Connecticut Ave. NW
Washington, DC  20036

Jody L. King
Michael Grudberg, Esq.                    for Mark Swartz
Stillman & Friedman PC
425 Park Avenue
New York, NY 10022

Arnold Rosenblatt, Esq.                   for PricewaterhouseCoopers
Cook Little Rosenblatt & Manson, PLLC
650 Elm Street
Manchester, NH 03101

James Townsend, Esq.                      for PricewaterhouseCoopers-Bermuda
Townsend Law Office
PO Box 1067
Londonderry, NH  03053

Alan Friedman, Esq.                       for Josehua  Berman
Kramer Levin Naftalis & Frankel, LLP
919 Third Ave.
New York, NY 10022

Miranda Schiller, Esq.                    for Richard Bodman & Wendy Lane
Weil Gotshal & Manges, LLP
767 Fifth Ave.
New York, NY 10153

Gregory A. Markel, Esq.                   for Michael Ashcroft, John Fort, James Pasman &
Cadwalader Wickersham & Taft, LLP         Joseph Welch
100 Maiden Lane
New York, NY 10038

Laurie Smilan, Esq.                       for Stephen Foss
Latham & Watkins
Two Freedom Square
11955 Freedom Dr., Suite 500
Reston, VA 20190-5651

JaneAnne Murray, Esq.                          for W. Peter Slusser
O'Melveny & Meyers LLP
7 Times Square
New York, NY 10036


Michelle Pahlmer, Esq.
Lawrence Greenwald, Esq.                       for Frank E. Walsh
Stroock Stroock & Lavan LLP
180 Maiden Lane
New York, NY  10038


Ann Galvani, Esq.
David Shapiro, Esq.                            for TYCO-Plaintiff
Boise, Schiller & Flexner, LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612


Marshall R. King, Esq.
Mitchell Karlan, Esq.                          for TYCO Plaintiff
Gibson Dunn & Crutcher, LLP
200 Park Ave, 47 th Flr
New York, NY 10166


Michael Beck, Esq.
Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judicary Building
Room G-255, North Lobby
One Columbus Circle, NE
Washington, DC 20002-8004
*(For Court Orders Only)*