### Olivia NIITSOO, Plaintiff,

v.

### ALPHA NATURAL RESOURCES, INC., et al., Defendants.

### Civil Action No. 2:12–cv–04377.

United States District Court,
S.D. West Virginia,
Charleston Division.

Nov. 5, 2012.

Donald A. Broggi, Joseph P. Guglielmo, Scott + Scott, New York, NY, Gary Dustin Foster, Geoffrey M. Johnson, Scott + Scott, Cleveland Heights, OH, John D. Wooton, Jr., The Wooton Law Firm, Beckley, WV, Robert G. McCoid, McCamic Sacco & McCoid, Wheeling, WV, Stephen J. Teti, Scott + Scott, Colchester, CT, for Plaintiff.

Brian A. Glasser, Christopher S. Morris, Ricklin Brown, Bailey & Glasser, Charleston, WV, Mitchell A. Lowenthal, Victor L. Hou, Cleary Gottlieb Steen & Hamilton, New York, NY, for Defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH R. GOODWIN, Chief Judge.

Pending before the court is the plaintiff's Motion to Remand Case to the Circuit Court of Boone County [Docket 13]. The disposition of this motion depends on whether the Securities Act of 1933 ("Securities Act"), as amended by the Securities Litigation Uniform Standards Act of 1998 (SLUSA), permits the removal of securities class actions alleging violations of federal law. This is a matter of first impression for this court. For the reasons stated below, I hold that, as counter-intuitive as it may seem, the Securities Act only permits the removal of securities class actions alleging state law fraud violations, as defined in 15 U.S.C. § 77p(b), which must be dismissed whether they are before state or federal courts. Arguments to the contrary exist, but recent Supreme Court dicta in *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006), persuade me that the defendants cannot properly remove a federal securities class action originally brought in state court. Accordingly, the Motion to Remand is **GRANTED**.

### I. Factual Background

This case arises out of the June 1, 2011 merger of Massey Energy Co. ("Massey") into defendant Alpha Natural Resources, Inc. ("Alpha"), both major producers and sellers of coal. Pursuant to the merger agreement, Massey shareholders received $10 and 1.025 shares of Alpha common stock for each share of Massey common stock they owned. (*See* Compl. [Docket 1–2], at 2–3). The plaintiff contends that Alpha acquired the outstanding Massey shares at an unreasonably low price by exchanging them for shares of Alpha that were over-valued due to Alpha's non-disclosure of production issues that were kept hidden until after the merger. (*See id.* at 21–24). On July 13, 2012, the plaintiff filed this securities class action in the Circuit Court of Boone County, West Virginia on behalf of former Massey shareholders, other than the defendants, who received Alpha common stock in exchange for their Massey common stock. (*See id.* at 1).

The suit alleges only violations of federal law, specifically sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. § 77a *et seq.*, against Alpha and ten of its officers and directors. (*See id.*; Notice of Voluntary Dismissal of Morgan Stanley and Citigroup [Docket 32] ).

On August 16, 2012, the defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446 [Docket 1]. On August 30, the plaintiff moved to remand the case to the Circuit Court of Boone County [Docket 13]. The issue of remand has been fully briefed and is now ripe for review. For the reasons stated below, the motion to remand is **GRANTED.**

## II. Legal Background

The plaintiff's Motion to Remand presents the court with a single, significant issue: whether a securities class action filed in state court can be removed to federal court if it alleges only violations of federal law. To quote another district court that dealt with the same issue:

> Although the question is straight-forward, the answer has been anything but simple. Instead, because the specific removal provision (15 U.S.C. § 77p) and the general provision governing concurrent jurisdiction of federal securities (15 U.S.C. § 77v) are fraught with confusion, district courts have been unable to come up with a unified response to the question. Rather, district courts are split, with some finding removal of such federal claims from state court to be proper and with others finding that these federal claims must be remanded to state court.

*Unschuld v. Tri–S Sec. Corp.*, No. 1:06–CV–02931–JEC, 2007 WL 2729011, at *1 (N.D.Ga. Sept. 14, 2007). The answer to the question depends on the interpretation of three of the amendments that SLUSA made to the Securities Act—15 U.S.C.

§ 77p(c), and two changes to 15 U.S.C. § 77v(a).

Originally, the Securities Act "provided for unqualified concurrent jurisdiction in both federal and state courts of cases brought under the 1933 Act." *Id.* at *3. It also "prohibited a defendant from removing to federal court a case under the 1933 Act that had been filed in state court." *Id.*; *See* 15 U.S.C. § 77v(a) (1933) ("[N]o case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States."). The combination of concurrent jurisdiction and lack of removal allowed plaintiffs in all federal securities cases to choose unilaterally whether the case would be heard in federal or state court.

In an effort to limit frivolous strike suits against corporations, Congress enacted the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z–1, 78u. The PSLRA erected barriers to bringing securities class actions under federal law, such as heightened pleading requirements for federal securities fraud claims. *See Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir.2001). However, there was a loophole—PSLRA's heightened requirements could be avoided by alleging securities fraud under state law instead of federal law. Many plaintiffs took advantage by filing suits in state court alleging securities fraud under state law. *See id.* at 107–08.

One of the primary motivations behind SLUSA's enactment was to prevent plaintiffs from using state law actions to frustrate the objectives of PSLRA. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 82, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006); *Unschuld*, 2007 WL 2729011, at *2–3. The SLUSA closed the PSLRA loophole by amending the Securities Act to prohibit any court, state or

federal, from hearing class action securities fraud claims under state law. *See Dabit*, 547 U.S. at 82, 126 S.Ct. 1503; 15 U.S.C. § 77p(b) (barring state and federal courts from hearing state law securities fraud class actions). Plaintiffs must now file securities fraud class actions under the federal Securities Act. However, beyond the prohibition of state law securities fraud class actions, there is a sharp divide among district courts regarding the impact of other SLUSA amendments. Many courts have found that the SLUSA amendments only keep plaintiffs from filing under state law, while others have found that they keep plaintiffs from filing under state law *and* from filing under federal law in state court.

### III. The Removal Provision

Three specific, related changes that SLUSA made to the Securities Act give rise to the issue in this case: 1) the addition of 15 U.S.C. § 77p(c), 2) the added clause in the penultimate sentence of § 77v(a), and 3) the added clause in the first sentence of § 77v(a). The meaning of § 77p(c), added to the Securities Act along with § 77p(b), is the subject of great debate. Subsection (b) prohibits any state or federal court from hearing state law securities class actions alleging misrepresentation, omission of a material fact, or deceit (collectively referred to in this opinion as "fraud claims"). *See Dabit*, 547 U.S. at 82–83, 126 S.Ct. 1503. Subsection (c), the removal provision, contains the lone exception to the removal prohibition under the Securities Act—if, and only if, an action is within subsection (c), it can be removed. These subsections read:

(b) Class action limitations

No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging—

    (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

    (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

(c) Removal of covered class actions

Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(b–c).[1] Since the passage of SLUSA, district courts have been unable to agree on which actions can be removed under the language of § 77p(c). It is the second clause, "as set forth in subsection (b)," that is at the heart of the disagreement.

Many courts have found that "as set forth in subsection (b)" modifies the entire preceding clause, and as a result, only the covered class actions alleging violations of state law that are defined in subsection (b) can be removed to federal court, where they will be immediately "subject to subsection (b)," meaning dismissed. *See, e.g., W. Va. Laborers' Trust Fund v. STEC,*

---

1. SLUSA provides a definition of "covered class action" and "covered security." According to the statute, "[a] 'covered class action' is defined in subsection f(2)(A) as being essentially a class action maintained on behalf of more than 50 people." *Unschuld*, 2007 WL 2729011, at *4. Further, section 77r(b) of the Securities Act "defines a covered security as one listed on a national securities exchange." *Id.* As will be discussed below, this case turns not on the meaning of "covered class action," but on whether or not that phrase in 15 U.S.C. § 77p(c) is modified by "as set forth in subsection (b)."

*Inc.*, No. SACV 11–01171–JVS (MLGx), 2011 WL 6156945 (C.D.Cal. Oct. 7, 2011); *W. Palm Beach Police Pension Fund v. Cardionet, Inc.*, No. 10cv711–L(NLS), 2011 WL 1099815 (S.D.Cal. Mar. 24, 2011); *Unschuld v. Tri–S Sec. Corp.*, No. 1:06–CV–02931–JEC, 2007 WL 2729011 (N.D.Ga. Sept. 14, 2007); *Irra v. Lazard Ltd.*, No. 05 CV 3388 (RJDRML), 2006 WL 2375472 (E.D.N.Y. Aug. 15, 2006); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F.Supp.2d 116 (D.N.H.2004); *Nauheim v. Interpublic Grp. of Cos.*, No. 02–C–9211, 2003 WL 1888843 (N.D.Ill. Apr. 16, 2003); *Haw. Structural Ironworkers Pension Trust Fund v. Calpine Corp.*, No. 03CV0714BTM(JFS), 2003 WL 23509312 (S.D.Cal. Aug. 27, 2003); *In re Waste Mgmt., Inc. Sec. Litig.*, 194 F.Supp.2d 590 (S.D.Tex.2002). Many other courts have found that "as set forth in subsection (b)" does not modify the entire preceding clause, and as a result, any covered class action can be removed to federal court, where the state law claims will be dismissed and the federal law claims will be heard. *See, e.g., Lapin v. Facebook, Inc.*, No. C–12–3195 MMC, 2012 WL 3647409 (N.D.Cal. Aug. 23, 2012); *Rubin v. Pixelplus Co.*, No. 06–CV–2964 (ERK), 2007 WL 778485 (E.D.N.Y. Mar. 13, 2007); *Rovner v. Vonage Holdings Corp.*, No. 07–178(FLW), 2007 WL 446658 (D.N.J. Feb. 7, 2007); *Lowinger v. Johnston*, No. 3:05CV316–H, 2005 WL 2592229 (W.D.N.C. Oct. 13, 2005); *Brody v. Homestore, Inc.*, 240 F.Supp.2d 1122 (C.D.Cal. 2003); *Kulinski v. Am. Elec. Power Co.*,

No. Civ.A.C–2–03–412, 2003 WL 24032299 (S.D.Ohio Sept. 19, 2003); *Alkow v. TXU Corp.*, No. 3:02–CV–2738–K, 2003 WL 21056750 (N.D.Tex. May 8, 2003).

To summarize, the disagreement is whether § 77p(c) only allows the removal of state law fraud class actions so that federal courts can ensure their dismissal, or whether § 77p(c) allows the removal of all covered securities class actions. I find this to be an accurate overview:

> District courts are divided on the question whether the anti-removal provision, as amended by SLUSA, allows for removal of covered class actions raising only 1933 Act claims. All agree that removed actions should be remanded unless they fall within [15 U.S.C. § 77p(c)]. This has led some district courts to construe [§ 77p(c)] broadly to include 1933 Act claims. However, other courts reject that approach as inconsistent with the text of [§ 77p(c)], which explicitly refers to subsection (b), taking the more narrow approach that [§ 77p(c)] only applies to covered class actions raising state or common law claims.

*Knox v. Agria Corp.*, 613 F.Supp.2d 419, 422–23 (S.D.N.Y.2009) (internal citations omitted).

Clearly, district courts are divided.[2] This district court has yet to publish an opinion interpreting the removal provision of SLUSA.[3] Both sides in this case can point to equal numbers of opinions reason-

---

2. While the federal appellate courts would normally step in to settle the issue, "an appellate court may not review a district court's determination to remand a case based on lack of subject matter jurisdiction. Thus, district court decisions directing a remand are not reviewable on appeal. As to those district court decisions denying remand, it is unclear how those decisions have escaped appellate review, but escape it, they have." *Unschuld*, 2007 WL 2729011, at *1.

3. There also exists a division among federal courts regarding whether a class action can be removed if it satisfies the removal requirements of the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d)(2), (5)(B), but is otherwise not removable under the Securities Act. I do not reach that issue today because CAFA does not allow the removal of a class action concerning a "covered security" under the Securities Act. 28 U.S.C. § 1453(d).

ing that the statutory language and the legislative history of 15 U.S.C. § 77p(c) plainly support their positions. That the positions are based on equal precedent means only that good judges often disagree. I have my own opinion. I find that § 77p(c) only allows the removal of those state law fraud actions defined in § 77p(b). *See Kircher*, 547 U.S. at 642–44, 126 S.Ct. 2145. I believe that interpretation to be correct based on the statutory language. Any other interpretation makes the "as set forth in subsection (b)" clause meaningless. I am aware that this interpretation makes for an inconsistency between § 77p(c) and the amendments found in § 77v(a).

## IV. Analysis

*Kircher* concerned whether a defendant could appeal the district court's decision to remand a state law securities class action pursuant to 15 U.S.C. § 77p(b). Justice Souter began by pointing out that a district court's decision to remand for lack of subject matter jurisdiction is not appealable. *See Kircher*, 547 U.S. at 640, 126 S.Ct. 2145 ("But we have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.'") (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976)). The Court found that the district court's decision to remand was based on its conclusion that it lacked subject matter jurisdiction because suits by mutual fund holders were not covered by § 77p(b). *See id.* at 641–642, 126 S.Ct. 2145 ("[T]he remand orders were necessarily based on the trial court's conclusion that jurisdiction under § 77p(c) was wanting."). According to the Court, although the district court was ultimately wrong about mutual fund holders, the Seventh Circuit could not hear the appeal.

*See id.* at 642, 126 S.Ct. 2145 ("And '[w]here the order is based on one of the [grounds enumerated in 28 U.S.C. § 1447(c) ], review is unavailable no matter how plain the legal error in ordering the remand.'") (quoting *Briscoe v. Bell*, 432 U.S. 404, 413–14, n. 13, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977)).

The opinion, however, did not stop after finding that the Seventh Circuit lacked jurisdiction. Instead, in dicta, the Court discussed the removal of securities class actions under § 77p(c). The Supreme Court conducted its own review of the statutory language and legislative history, and found that the phrase "as set forth in subsection (b)" modifies the entire preceding phrase, and thus that only covered securities class actions asserting state law fraud claims can be removed to federal court, where they will be dismissed. In the Court's words:

Unlike the Court of Appeals, we read authorization for the removal in [§ 77p(c) ], on which the District Court's jurisdiction depends, as confined to cases "set forth in subsection (b)," namely, those [state law actions] with claims of untruth, manipulation, and so on. The quoted phrase immediately follows the subsection (c) language describing removable cases as covered class actions involving covered securities, and the language has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception. And legislative history tends to show that this was just what Congress understood. See S.Rep. No. 105–182, p. 8 (1998) (§ 77p(c) "provides that any class action described in Subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provisions of subsection (b)"); H.R.Rep. No. 105–640, p. 16 (1998) (same).

*Kircher*, 547 U.S. at 642–43, 126 S.Ct. 2145 (some internal citations omitted). Although the primary holding in *Kircher* involved state law claims, the Court's pronouncement that subsection (b) must be read into subsection (c) affects both state and federal securities class actions. No matter the subject of the case, deciding that subsection (b) must be read into subsection (c) produces the result that federal securities actions cannot be removed.

The Court then analyzed why the alternative argument—that § 77p(c) allows the removal of all covered securities class actions—is unpersuasive.

The funds argue that removal jurisdiction is broader by emphasizing the adjective that introduces subsection (c): "Any" covered action. But that suggestion would be persuasive only if we stopped reading right there, and we do not stop there; we do not read statutes in little bites. And, as just noted, if we did read the removal power that broadly there would be no point to the phrase "as set forth in subsection (b)," for subsection (b) cases would be removable anyway as a subset of covered class actions. The funds purport to counter this objection with their argument that on our reading the last phrase of subsection (c) is redundant in providing that removed cases "shall be subject to subsection (b)," since subsection (b) cases would in any event be so subject. The funds are in fact right about that redundancy, but the point does not count for their side, because the phrase is redundant on their reading, too: any subsection (b) case removed as falling within the broad category of covered class actions would be treated in accordance with subsection (b) if the subsection applied to that case. In sum, we see no reason to reject the straightforward reading: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b).

*Id.* at 643, 126 S.Ct. 2145 (internal citations omitted).

Finally, the Court explained what this all means for federal district courts: removed claims that· are not defined in § 77p(b)—all claims other than state law class actions alleging misrepresentation, omission of a material fact, or deceit—must be remanded to state court, and removed claims that are defined in § 77p(b) must be dismissed.

Once removal jurisdiction under subsection (c) is understood to be restricted to precluded actions defined by subsection (b), a motion to remand claiming the action is not precluded must be seen as posing a jurisdictional issue. If the action is precluded, neither the district court nor the state court may entertain it, and the proper course is to dismiss. If the action is not precluded, the federal court likewise has no jurisdiction to touch the case on the merits, and the proper course is to remand to the state court that can deal with it.

*Id.* at 643–44, 126 S.Ct. 2145.

The statements in *Kircher* are not merely relevant dicta from which a lower court can draw parallels in reasoning—these are particularly strong dicta that address the exact issue of statutory interpretation that is before me today, and that has been before the dozens of district courts that have performed similar analyses in the past. Further, it seems clear that the dicta would have been the actual holding of *Kircher* if the Supreme Court had been able to reach the merits of the case—the discussion was not a quick footnote about the SLUSA controversy, but a detailed analysis of how the Court interprets the statutes in question. Additionally, the statements were the product of a united court—only Justice Scalia refrained from

joining in the part of the opinion that contains the dicta, and that was not due to disagreement with the analysis of the statute, but because he thought the Court should have stopped its discussion after finding that the Seventh Circuit lacked jurisdiction to hear the appeal. *See Kircher*, 547 U.S. at 648–50, 126 S.Ct. 2145.

Some district courts that have considered the issue post-*Kircher* have performed their own analyses and reached the opposite result. In some cases, the courts distinguished *Kircher* in ways with which I do not agree. *See Lapin*, 2012 WL 3647409, at \*2 n. 4 (finding *Kircher* inapplicable because it dealt with claims brought under state law); *Knox*, 613 F.Supp.2d at 425 (finding *Kircher* inapplicable because it dealt with state claims, and contending that 15 U.S.C. § 77v strips state courts of jurisdiction to hear all federal securities actions). As discussed above, *Kircher's* pronouncement that subsection (b) must be read into subsection (c) impacts state and federal securities class actions equally. Another court has interpreted *Kircher* to mean the opposite of what I find it means today. *Rubin*, 2007 WL 778485, at \*4 (finding that *Kircher* supports the position that all securities fraud class actions, whether based in federal or state law, are removable). In other cases, the courts simply did not acknowledge *Kircher*. *See Pinto v. Vonage Holdings Corp.*, No. 07–0062(FLW), 2007 WL 1381746 (D.N.J. May 7, 2007) (failing to mention *Kircher*); *Rovner*, 2007 WL 446658 (same).

On the other hand, several courts have treated *Kircher* as persuasive. *See, e.g., W. Va. Laborers' Trust Fund*, 2011 WL 6156945, at \*3–5 (citing the *Kircher* dicta as persuasive in the court's decision that 15 U.S.C. § 77p(c) prohibits the removal of federal securities class actions); *W. Palm Beach Police Pension Fund*, 2011 WL 1099815, at \*2 (same); *Layne v. Country-*

*wide Fin. Corp.*, No. CV 08–3262 MRP (MANx), slip op. at 1–2 (C.D.Cal. July 08, 2008) (citing *Kircher* as justification for holding that 15 U.S.C. § 77p(c) prohibits the removal of federal securities class actions and reversing an earlier decision that held otherwise); *Unschuld*, 2007 WL 2729011, at \*10–11 (adopting *Kircher's* reasoning after finding that the Supreme Court specifically intended to address the removal issue). Today, I join the judges that have found that § 77p(c) means exactly what the Supreme Court says it means in *Kircher*. In doing so, I recognize that § 77p(c) is inconsistent with the two amendments SLUSA made to § 77v(a).

## V. Section 77v(a)

One SLUSA amendment inconsistent with § 77p(c) is located in the penultimate sentence of 15 U.S.C. § 77v(a). That sentence originally prohibited removing any action under the Securities Act. It now flags § 77p(c) as an exception to the removal prohibition for certain securities class actions. *See* 15 U.S.C. § 77v(a) (2000) ("Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."). As it is written, the meaning of the penultimate sentence of § 77v(a) is plain—no securities actions "arising under" the Securities Act can be removed except those defined in § 77p(c). However, this meaning is incompatible with § 77p(c) because, according to the Supreme Court, § 77p(c) does not permit the removal of any *federal* actions "arising under" the Securities Act. *See Kircher*, 547 U.S. at 642–44, 126 S.Ct. 2145.

Another inconsistent SLUSA amendment is located in the first sentence of 15 U.S.C. § 77v(a). That sentence originally gave unqualified concurrent jurisdiction over federal securities actions to federal and state courts. *See Unschuld*, 2007 WL

2729011, at *3. After SLUSA, it now provides:

> The district courts of the United States and the United States courts of any Territory shall have jurisdiction of *offenses and violations under this subchapter* and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions,* of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter.

15 U.S.C. § 77v(a) (emphasis added). Under this provision so amended, it is plain to me that concurrent jurisdiction over *federal* securities actions "under this subchapter" still exists, except those described in § 77p. But no subsection of § 77p deals with *federal* securities class actions, so this sentence is inconsistent with § 77p(c) as well. None of § 77p's four substantive subsections discuss federal law at all— subsections (b), (d), and (e) all deal indisputably with *state law* class actions, and do not have anything to do with concurrent jurisdiction over federal securities class actions "under this subchapter."[4] Under

the Supreme Court's interpretation, subsection (c) also deals only with state law class actions. *See Kircher,* 547 U.S. at 642–43, 126 S.Ct. 2145.

These inconsistencies only exist because references to "this subchapter" were left in § 77v(a) after the SLUSA amendments. Otherwise, the amendments make perfect sense when read together—there is concurrent jurisdiction over all securities claims except those defined in §§ 77p(b–c), which no court can hear, and which are removable to federal court to ensure their dismissal. Given that the "arising under this subchapter" language predated SLUSA's addition of provisions relating to state law claims by more than sixty years, I have no problem treating those references as unintentional and superfluous. Congress's failure to excise those words was inadvertent.

Of course, those who disagree will correctly point out that there would be no disjunction with either sentence of § 77v(a) if § 77p(c) were read to permit the removal of federal securities class actions. The penultimate sentence of § 77v(a) would refer to the federal class actions removable pursuant to § 77p(c).[5]

---

4. Subsection (f) is a generic definition provision that makes no reference to federal law. It defines "covered class action" as one brought on behalf of more than 50 plaintiffs, but makes no reference to federal or state law in that definition. The *Knox* court, 613 F.Supp.2d at 423–4, found that Congress intended this generic definition of "covered class action" in subsection (f) to be the federal securities class actions to which § 77v(a) refers as the exception to concurrent jurisdiction, and therefore that federal courts have *exclusive* jurisdiction over all federal securities class actions brought on behalf of more than 50 plaintiffs. 613 F.Supp.2d at 422–25. However, subsection (f)'s definitions are "for purposes of [§ 77p]." According to the *Knox* court, the other subsections of § 77p "deal exclusively with state law claims, and do not touch on jurisdiction over" federal claims.

*Id.* at 424. If the rest of § 77p discusses only state law, and the definitions in subsection (f) are meant to define terms in § 77p, then it does not seem to me that the definition of "covered class action" in subsection (f) could be a reference to federal law claims. Furthermore, I find it unlikely that Congress would effectuate an abrupt jurisdictional stripping by making an unspecific reference to § 77p without any signal in § 77p(f) that the definition of "covered class action" was meant to serve as the parameters of the federal courts' exclusive jurisdiction.

5. Generally, the argument that the amendment to the penultimate sentence of § 77v(a) states that there are removable federal securities actions, and therefore that § 77p(c) must authorize the removal of federal securities actions, appears to have originated in *Brody,*

The first sentence of § 77v(a) would state that concurrent jurisdiction exists except that state courts cannot hear the federal securities class actions defined in § 77p(c).[6] The three would even work together—state courts would lack jurisdiction to hear federal securities class actions, and all federal securities class actions would be removable to ensure that state courts do not hear them. However, those who disagree on this basis ignore the "as set forth in subsection (b)" clause of § 77p(c), which was specifically written by Congress in 1998 to accomplish *something*. I therefore find the inconsistencies between § 77p(c) and § 77v(a) unpersuasive in changing my interpretation of § 77p(c).

Another federal district court took a different approach in its attempt to reconcile § 77p(c) and § 77v(a). *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 322 F.Supp.2d 116, 120 (D.N.H.2004). Like me, the *Tyco* court found that § 77p(c) only permits the removal of state law fraud class actions. *Tyco* found that "[a]

case that contains one or more Securities Act claims is deemed to arise under the Act for purposes of § 77v even if it also includes state law claims that make the case removable under § 77p(c)." *Id.* In other words, a lawsuit "arising under" the Securities Act is any that includes a federal claim pursuant to the act, *even if* the suit also alleges the prohibited state law fraud class actions. According to that court, the amendment to § 77v(a)'s removal prohibition "was needed to eliminate any doubt about the removability of cases that include both state law claims and otherwise nonremovable claims based on the Securities Act." *Id.* Basically, *Tyco* argues that Congress intentionally left the "arising under" language in § 77v(a) for the purpose of making removable otherwise nonremovable federal claims when brought alongside removable state law claims. This is a plausible, consistent reading of § 77p(c) and the penultimate sentence of § 77v(a), but *Tyco's* theory does not adequately explain the "under this subchap-

---

240 F.Supp.2d at 1124. According to the *Brody* court, the SLUSA amendments to the removal exception in § 77v(a) would be rendered meaningless if § 77p(c) were read to only allow removal of state fraud claims. The *Brody* court, and others since then, have found that this amendment to § 77v(a) supports the reading that § 77p(c) permits the removal of all federal securities actions. *See Rubin*, 2007 WL 778485, at *4; *Rovner*, 2007 WL 446658, at *4; *Alkow*, 2003 WL 21056750, at * 1.

**6.** This argument appears to have originated in *Knox. See supra*, note 4. Subsequently, another court was persuaded by the reasoning in *Knox* to hold that state courts lack jurisdiction to hear federal securities class actions. *See In re Fannie Mae 2008 Sec. Litig.*, No. 08 Civ. 7831(PAC), 2009 WL 4067266, at *2 (S.D.N.Y. Nov. 24, 2009). Oddly, two other courts took up the argument from *Knox* but found it to mean that federal class actions were *removable* to, but not required to be in, federal court. *Lapin*, 2012 WL 3647409, at *2; *Northumberland Cnty. Ret. Sys. v. GMX*

*Res., Inc.*, 810 F.Supp.2d 1282, 1287 (W.D.Okla.2011).

The defendants in this case argue against remand based on this reasoning, but in doing so, they rely heavily on a misunderstanding of a statement contained in *Lapin*, 2012 WL 3647409, at *2 (stating that "covered class actions alleging securities fraud now may be brought only under federal law"). (*See* Defs.' Mem. Opp'n Mot. Remand [Docket 20], at 10). The defendants use that statement as their primary support for the claim that state courts lack jurisdiction over federal securities actions. The statement in *Lapin*, however, is the undisputed, plain meaning of 15 U.S.C. § 77p(b)—that no court can hear a *state law* securities class action alleging "an 'untrue statement or omission of a material fact' made, or a 'manipulative or deceptive deceit' used, in connection with the purchase or sale of a security." *Lapin*, 2012 WL 3647409, at *2. As such, the statement has no bearing on whether state or federal courts have subject matter jurisdiction over these federal class action claims.

ter" language in the first sentence of § 77v(a). According to that court, "[b]y creating an exception to the concurrent jurisdiction rule for cases that contain claims that are preempted under § 77p(b), Congress eliminated doubt about whether state courts could retain jurisdiction over such cases based upon § 77v if they also included claims based on the Securities Act." 322 F.Supp.2d at 120 n. 7. I cannot understand why Congress would add an exception to a statute that already gave state courts concurrent jurisdiction for the purpose of making it clear that state courts have concurrent jurisdiction. Furthermore, like the *Unschuld* court, I find that, "[g]iven the unnecessarily imprecise drafting of certain provisions of SLUSA . . . [I] doubt[ ] that its drafters were exercising the forethought attributed to them by the court in *Tyco*." *Unschuld*, 2007 WL 2729011, at *7 n. 9. It is a laudable attempt to reconcile the irreconcilable, but it does not persuade me that § 77v(a) expands what is removable beyond the parameters of § 77p(c).

## VI. Conclusion

No matter what Congress intended § 77p(c) to accomplish, there is no perfect way to read that section in conjunction with the plain meaning of the amendments in § 77v(a). A court attempting to resolve this issue has three choices: 1) find that § 77p(c) only allows the removal of state fraud class actions, and that the references in the two § 77v(a) amendments to "this subchapter" are careless surplusage; 2) find that § 77p(c) allows the removal of all federal securities class actions (but state courts retain jurisdiction over those actions), and that the "as set forth in subsection (b)" clause of § 77p(c) and the concurrent jurisdiction language are surplusage, or; 3) find that the first sentence of § 77v(a) strips state courts of jurisdiction to hear federal securities class actions, and that the "as set forth in subsection (b)"

clause of § 77p(c) is surplusage. The Supreme Court chose the first option in *Kircher's* unambiguous declaration that § 77p(b) must be read into § 77p(c), which ultimately persuades me to do the same.

The Court did not explicitly address how its interpretation of § 77p(c) squares with the two SLUSA amendments in § 77v(a). But by finding that § 77p(c) only allows the removal of state fraud class actions, the Court made clear that the language contained in the two § 77v(a) amendments referring to actions "under this subchapter" is not controlling.

A consistent interpretation of the law is very unlikely to emerge if courts ignore the guidance found in *Kircher*. Accordingly, because the plaintiff's federal claims do not constitute a covered class action "as set forth in [15 U.S.C. § 77p] subsection (b)," which only applies to state law claims alleging fraud, the action is not removable to federal court under 15 U.S.C. § 77p(c). The plaintiff's Motion to Remand is **GRANTED** and the case is **REMANDED** to the Circuit Court of Boone County.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, www.wvsd.uscourts.gov.