**NATIONAL SHOPMEN PENSION FUND, Plaintiff,**

v.

**ALLY FINANCIAL INC., et al., Defendants.**

**Case No. 17–cv–10289**

United States District Court, E.D. Michigan, Southern Division.

Signed 05/26/2017

E. Powell Miller, Dennis A. Lienhardt, The Miller Law Firm, Rochester, MI, Mary K. Blasy, Robbins Geller Rudman & Dowd LLP, Melville, NY, Sharon S. Almonrode, The Miller Law Firm, P.C., Rochester, MI, for Plaintiff.

Daryl A. Libow, Elizabeth Cassady, Sullivan & Cromwell, Washington, DC, James P. Feeney, Bloomfield Hills, MI, Marc De Leeuw, Sullivan & Cromwell LLP, New York, NY, Matthew P. Allen, Miller, Canfield, Paddock and Stone, PLC, Troy, MI, Richard A. Rosen, Paul, Weiss, Rifkind, Wharton & Garrison, LLP, New York, NY, Thomas W. Cranmer, Miller Canfield

Paddock and Stone PLC, Troy, MI, Thomas M. Schehr, Detroit, MI, for Defendants.

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [46]**

JUDITH E. LEVY, United States District Judge

One of the most straightforward principles in federal jurisprudence is that federal courts have original jurisdiction over cases arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A defendant may remove a case filed in state court to federal district court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. But sadly, it is not quite that simple, as this case illustrates.

**I. Background**

This case is about a potential class action lawsuit filed in Michigan state court. The complaint alleges that defendants violated three sections of the federal Securities Act, 15 U.S.C. § 77k. (*See* Dkt. 1–2.) On January 30, 2017, defendants timely removed this case to federal court, claiming original jurisdiction under 28 U.S.C. § 1441. (Dkt. 1.) In particular, defendants claimed that this is a "covered class action" as defined by 15 U.S.C. § 77p(f)(2)(A), over which "district courts of the United States ... shall have jurisdiction ... concurrent with State and Territorial courts, except as provided in section 77p of this title with respect to covered class actions." 15 U.S.C. § 77v(a). A "covered class action" is defined as:

(2) Covered class action

    (A) **In general** The term "covered class action" means—

        (i) any single lawsuit in which—

        (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

        (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; or

    (ii) any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which—

        (I) damages are sought on behalf of more than 50 persons; and

        (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose.

15 U.S.C. § 77p(f)(2).

Based on the exception clause in § 77v, defendants contend that "federal courts have exclusive jurisdiction over the case." (Dkt. 1 at 5 (citing *Gaynor v. Miller*, 205 F.Supp.3d 935, 946 (E.D. Tenn. 2016), *In re King Pharm., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004)).)

There is, however, a wrinkle. Section 77v(a) also states that "[e]xcept as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." Section 77p(c) states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the

district in which the action is pending, and shall be subject to subsection (b)." Section 77p(b) bars "covered class actions based upon the statutory or common law of any State or subdivision" from being "maintained in any State or Federal court by any private party alleging an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 77p(b).

On March 1, 2017, plaintiff filed a motion to remand this case to state court. (Dkt. 46.) On March 16, 2017, defendants filed a response (Dkt. 51), and on March 22, 2017, plaintiff filed a reply to that response. (Dkt. 53.) The motion is fully briefed. The Court determines that oral argument is not necessary pursuant to E.D. Mich. Local R. 7.1(f).[1]

## II. Analysis

Federal courts have split into two branches over whether and how the Securities Act permits removal of "covered class actions." One branch, drawing upon the Supreme Court's ruling in *Kircher v. Putnam Funds Trust*, holds that sections 77v(a), 77p(c), and 77p(b) are subject to a "straightforward reading: removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." *Kircher*, 547 U.S. 633, 643, 126 S.Ct. 2145, 165 L.Ed.2d 92 (2006); *see also Rosenberg v. Cliffs Nat. Res., Inc.*, Case No. 14-cv-1531, 2015 WL 1534033, at *4 (N.D. Ohio Mar. 25, 2015); *Parker v. Nat'l City Corp.*, Case No. 08-nc-70012, 2009 WL 9152972, at *8 (N.D. Ohio Feb.

12, 2009); *Iron Workers Mid–South Pension Fund v. Terraform Glob., Inc.*, Case No. 15-cv-6328, 2016 WL 827374, at *3 (N.D. Cal. Mar. 3, 2016) (collecting cases).

The other branch, viewing the statutory text as ambiguous, holds that these sections of the Securities Act operate to strip state courts of jurisdiction of all cases that fall within the definition of "covered class action" set forth as defined by section 77p(f), making any such class action removable regardless of whether it is governed by section 77p(b). *Gaynor v. Miller*, 205 F.Supp.3d 935, 946 (E.D. Tenn. 2016), *In re King Pharma., Inc.*, 230 F.R.D. 503, 505 (E.D. Tenn. 2004); *see also Hung v. iDreamSky Tech. Ltd.*, Case Nos. 15-cv-2514, 15-cv-2944, 15-cv-3484, 15-cv-3794, 2016 WL 299034, at *2 (S.D.N.Y. Jan. 25, 2016) (collecting cases).

Plaintiffs encourage the Court to follow the first branch of interpretation and remand this case to state court. They argue that the regime set forth in the Securities Act creates a limited removal scheme that permits removal only in the circumstance where a party files a covered class action, as defined by § 77(f)(2), in state court, pursuant to § 77p(c), that is based on the statutory or common law of the state alleging the particular wrongs outlined in § 77p(b). Federal district courts are then required by § 77p(b) to dismiss any removed Securities Act case. Defendants argue that the Securities Act creates concurrent jurisdiction over all claims except covered class actions. In their view, § 77p(c) permits removal to federal court of *all* covered class actions as defined by § 77p(f)(2). A federal court must then, after removal, determine whether the cov-

---

**1.** In their response to the motion for remand, defendants reference *Cyan, Inc. v. Beaver Cty. Emps. Ret. Fund*, No. 15–1439, in which a petition for a writ of certiorari is currently pending before the United States Supreme Court, and has been since May 2016. Although defendants do not expressly seek a stay, the Court would decline to stay this case at this juncture regardless, given the uncertainty of a grant of certiorari.

ered class action falls within the scope of suits barred by §§ 77p(b) and (c). If it does, the court must dismiss the suit, but if it does not, the court is required to exercise its jurisdiction over the case.

■ The Court declines to follow the second branch of interpretation endorsed by defendants, because the unambiguous language of the statute, coupled with the Supreme Court's holding in *Kircher*, establishes a limited removal scheme that does not permit removal of a complaint asserting only federal claims under the Securities Act.

The Court begins with the plain language of the statute, as set forth above. Section 77v(a) states that federal district courts and state courts are equally competent to exercise jurisdiction over Securities Act cases, and that no case brought in a state court is removable to federal district court, save those outlined in section 77p(c). Section 77p(c) states that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal District court for the district in which the action is pending, and shall be subject to subsection (b)." Section 77p(b) requires covered class actions based on state statutory or common law and making certain allegations be dismissed once removed.

For defendants' interpretation to prevail, the Court would have to rewrite § 77v(a). The Securities Act allows only cases defined by § 77p(c) to be removed to federal court. What defendants argue is that the category of removable cases is all covered class actions as defined by § 77p(f)(2), *not* § 77p(c). Section 77p(f)(2) defines "covered class action" without reference to the types of claims asserted, whether based on federal or state law. That definitional subsection, however, does not establish what is *removable*; it defines a type of case referenced in other subsec-

tions, which reference that definition in establishing the narrower class of cases that are actually removable.

Section 77p(c) defines removable cases as "[a]ny covered class action brought in any State court including a covered security, as set forth in subsection (b)." "Covered class action" is one part of the criteria for removability, but not the entire definition of what is removable. Instead, the "covered class action" must also be "brought in any State court" and "including a covered security, as set forth in subsection (b)." Section 77p(b) references "covered class action[s] based upon the statutory or common law of any State or subdivision thereof ... alleging ... an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security."

As written, the statute permits removal only of covered class actions as set forth in § 77p(b), which in turn limits the types of covered class actions to those asserting certain claims under state statutory or common law. To hold otherwise would be to say that § 77v(a), limiting removal of cases to those set forth in a section entitled "Removal of covered class actions," 15 U.S.C. § 77p(c), actually meant to permit removal of all cases set forth in the subsection entitled "Definitions." 15 U.S.C. § 77(f). A class action lawsuit involving more than fifty plaintiffs asserting only federal claims under the Securities Act may fall under the definition of covered class action set forth at 15 U.S.C. § 77p(f)(2)(A)(i)(I). Because it asserts only federal claims, however, it cannot fall in the category of removable cases, which

include only covered class actions asserting certain state-law claims.[2]

▇ The unambiguous language of § 77v(a) keeps Securities Act cases in the courts in which they are filed, unless those cases assert a certain set of state-law claims the Securities Act preempts. Removal, then, is for the sole purpose of final dismissal by a federal district court. Further, were the Court to determine that ambiguity existed in the statute, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (further citation omitted). Because the statute does not clearly provide for removal of suits filed in state court asserting only federal claims under the Securities Act, the Court would be required to remand the case regardless.

### III. Conclusion

For the reasons set forth above, it is hereby ordered that:

Plaintiffs' motion to remand (Dkt. 46) is GRANTED; and

This case is REMANDED TO STATE COURT.

IT IS SO ORDERED.

---

2. If, as defendants argue, the purpose of § 77p was to permit removal of all federal class actions as defined in § 77p(f)(2)(A) and divest state courts of all jurisdiction over them, then many questions arise about how and why this law would operate in this fashion. It is unclear, for instance, why state courts are competent to hear issues of federal law in a class action involving forty-nine or fewer plaintiffs, but are incompetent to hear the same issues if another plaintiff is added. This is particularly so where § 77v(a) establishes state courts as generally competent to hear issues of federal law.